## STEVENS *v.* DUFOUR.

If the holder of a bond and mortgage proceed on the latter first, by a foreclosure and sale of the mortgaged premises, and the amount of the sale be not sufficient to satisfy the debt, he may afterwards recover the residue by a suit on the bond.

So, if the creditor sue first on the bond, and fail to obtain the money, he may afterwards resort to the mortgage.

ERROR to the *Switzerland* Circuit Court.

*Wednesday,
November 16.*

SCOTT, J.—To a declaration in debt on a sealed note, there were four pleas, all setting out a mortgage, a scire facias, judgment, seizure, and delivery of the mortgaged premises. Demurrer to the first plea and joinder. Replication to the second, third, and fourth pleas. Demurrer to the replication and joinder. Judgment for the plaintiff on both demurrers. Writ of error by defendant below.

Passing over the great prolixity of the pleadings, and some irregularities which might perhaps have been reached by a special demurrer, the most important question presented for our consideration is, whether after foreclosure and sale of the mortgaged premises, the proceeds of the sale not amounting to the debt, the mortgagee could proceed on the obligation for the residue of his demand? That a mortgagee has a right to look beyond his pledge, is a point well settled. The creditor who takes a mortgage to secure the payment of a debt due by specialty, may either bring an action on the specialty, and proceed to collect his debt as in other cases; or he may obtain his demand by a foreclosure and sale of the mortgaged premises; and by taking one of these remedies, he is not estopped from resort-

Nov. Term,
1825.

ing to the other; but may avail himself of every legal remedy until his debt is satisfied. 10 Johns. R. 482. The case of *Tooke* v. *Hartley*, Brown's C. C. 126, is precisely in point. There the representatives of a deceased mortgagee, after foreclosure and sale of the mortgaged premises, the amount not being sufficient, brought their action on the bond for the residue, and the defendant was refused an injunction to restrain them. The case of *Ratcliff* v. *Davies*, Cro. Jac. 245, cited by the plaintiff in error, was an action of trover for a personal chattel, and has no bearing on this case. Such was the law at the time these proceedings were had. The statute now is otherwise; but the alteration does not affect this case (1).

Per Curiam.—The judgment is affirmed with costs.

*Stevens* and *Caswell*, for the plaintiff.

*Merrill* and *Lane*, for the defendant.

(1) For the statutes referred to in the text, vide Stat. 1817, p. 189;—1823, p. 194. As to the effect of the last-mentioned statute, vide *Youse* v. *M'Creary*, *May* term, 1829, post. For the statute now in force on the subject, vide Stat. 1829, p. 50.