# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT,

## 1853.

### COUNTY OF WASHINGTON.

### (*) PORTER *versus* PILLSBURY.

The time allowed to a party, on notice to attend the taking of a deposition, has relation to the distance to the place of caption from the place where he resides, not to the place of caption from the place where he may happen to be found.

The holder of a personal claim, with a mortgage of land as collateral, may by a suit at law, after foreclosure, recover the balance due on the debt, deducting the value of the *land* at the time of the foreclosure.

By permitting the mortgage to be foreclosed, the mortgager waives all claim to be allowed *in such suit*, for the net incomes which accrued to the mortgagee from the land during the three years of foreclosure.

In redeeming land, of which the mortgagee has taken possession for a foreclosure, if he account for the net incomes *actually received*, the burden is upon the mortgager to show a want of ordinary care in its management.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

DEBT on a judgment recovered in 1843, damage $1424,00, cost $24,27. Plea, *nil debet.*

The defendant introduced evidence tending to show a representation made by the plaintiff, *that* the judgment in suit, was obtained on a note, secured by mortgage of land; *that* he had foreclosed the mortgage and sold the land, for between $800 & $900; *that* it brought all that it was worth; and *that* he should recover the difference between what it brought, and the amount of the judgment in suit.

The defendant then offered the depositions of Samuel Pills-bury and others, to which the plaintiff objected on the ground, that no sufficient notice had been given to him, inasmuch as the notice was served upon his counsel, only 18 hours before the time appointed for the caption, to attend the taking at Rockland, 110 miles from Machias, the residence of both the plaintiff and his counsel; all which appears by the certificate of the magistrate, and papers by him annexed to the deposition of Samuel Pillsbury, which objection was never waived.

The Court overruled the objection, and admitted the depositions.

The plaintiff introduced depositions to show the rents and profits of the mortgaged property, during the three years it was held by him, and the proceeds of sale at the end of that time, and also the value at the time of foreclosure and sale.

The plaintiff requested the Court to instruct the jury, that the actual receipts from the rent and sale of the mortgaged property, after deducting necessary expenses, should fix the sum to be allowed upon the judgment, unless they were satisfied, that the plaintiff had not used ordinary care and prudence in the management and sale of the property.

The plaintiff also asked the Court to instruct the jury that, if they should find that the plaintiff offered for sale, and did sell, all the title which the defendant mortgaged to him, the plaintiff should not be made to suffer loss from any defect, real or supposed, in said Pillsbury's title, which tended to diminish the price down to that for which said property sold.

The Court declined to give these instructions, but instructed the jury, *that* in reference to the admissions of the plaintiff, offered by the defendant in evidence, the jury were to take the whole admissions together; *that* it was for them to determine, under all the circumstances and facts proved, upon how much of these admissions they could rely, including those of the party in his own favor as well as those making against him; — *that* these admissions were evidence for their consideration to be compared and weighed with the other evidence in the case, the effect of all which was for

their consideration ; — *that* the judgment introduced by the plaintiff showed conclusively an indebtedness for the amount therein specified ; — *that* it appeared the plaintiff entered to foreclose his mortgage on Sept. 7th, 1841 ; — *that* in entering into possession for the purposes of foreclosure, he was bound to exercise that care and prudence in the management and control of the property mortgaged, which a prudent owner would exercise in the management and control of his own property ; — *that* if redeemed, he was bound to account for such net sum, as, using the diligence and care of a prudent man in the management and control of his own property, he received, or which, using such care and diligence, he might have received ; — *that* the jury should ascertain the indebtedness on Sept. 7th 1844, when the foreclosure expired ; *that* after ascertaining the rents for which, upon the principle before stated, the plaintiff was bound to account, they should deduct therefrom, all reasonable charges for agencies in the management and disposition of the property, all sums paid for taxes, all expenditures in the repairs of buildings erected, or in the erection of buildings necessary for the enjoyment and proper use of that species of property, and should apply the net sum then remaining towards the reduction of the plaintiff's judgment; — *that*, after finding the indebtedness of the defendant, on Sept. 7, 1844, according to those principles, it remained for them to ascertain the true cash value of the mortgaged premises at that time, and if it was equal to the amount then due to the plaintiff, they should render their verdict for the defendant, if less than such amount so due to the plaintiff, their verdict should be for the plaintiff for the balance due him after deducting the cash value of the mortgaged premises at the time the foreclosure became perfected ; — *that* in determining the cash value at the date of the foreclosure of the mortgaged premises, they should take into consideration the testimony of the several witnesses respectively produced by the plaintiff and the defendant, the price given for the property at the sale at auction, and after comparing the whole testimony, and considering all the facts, determine for themselves from the

various elements presented for their consideration, its actual cash value at that time ; — *that*, if the title of Pillsbury was defective and there was any diminution of price from such defect of title, the defendant should suffer for such defect of his title ; — *that*, if the title was perfect in Pillsbury and by foreclosure became perfect in the plaintiff, then the defendant is entitled to have allowed in reduction or payment of the plaintiff's judgment, the cash value of the property at the time when the title became perfected by foreclosure in the plaintiff; and *that*, unless they find a defect in the title of Pillsbury, they must take the actual cash value as before stated. The verdict was that the defendant did not owe. To which rulings and instructions and refusals to instruct the plaintiff excepted.

*R. K. & C. W. Porter*, for the plaintiff.

1. The depositions of Samuel Pillsbury and others were improperly admitted, for want of notice. R. S. c. 133, § 9, p. 580, as amended, by Act of 1842, c. 31, § 17; *Homer* v. *Brainerd*, 15 Maine, 54; *Howard* v. *Folger*, 15 Maine, 447; *Leavitt* v. *Leavitt*, 4 Maine, 161.

2. The first instruction asked for, was proper, and should have been granted ; because ; —

*First.* Opinions as to value of lands, are not suitable evidence. 1 Greenl. Ev. § 440, p. 592 and seq.; *Peterboro'* v. *Jaffney*, 6 N. H. 462; *Rochester* v. *Chester*, 3 N. H. 349; *Beard* v. *Kirk*, 11 N. H. 397.

*Second.* A mortgagee is only bound to account for *actual receipts*, unless he has been guilty of fraud or wilful default. Powell on Mortgages, 1028; Bacon's abridgement, 3, 657; 4 Kent's Com. 166, 182; 2 Story's Equity Jurisp. 285; *White* v. *Brown*, 2 Cush. 412; *Hatch* v. *White*, 2 Gall. 152; *Tooke* v. *Hartley*, 2 Brooke, Penn. 125; *Amory* v. *Fairbanks*, 3 Mass. 562; *Saunders* v. *Frost*, 5 Pick. 259; *Fulthorp* v. *Foster*, 1 Vernon, 476; Anonymous, 1 Vernon, 45.

3. The second instruction asked for should not have been denied ; because ; —

*First.* A mortgagee in selling the mortgaged estate is not

bound to warrant the mortgager's title. Story's Eq. Jurisp. § 1013, page 278.

*Second.* The plaintiff offered for sale and sold all the title derived from the defendant, and if there was suspicion of the strength of that title, he should not suffer for it.

*B. Bradbury,* for the defendant.

1. The depositions offered by defendant were properly admitted.

The service was made upon the attorney of the plaintiff at Rockland, the place named for the caption of the deposition, allowing all the time which the statute requires.

The provision of the statute, c. 133, § 9, applies to the adverse party, but does not refer to his counsel, and is based upon the idea that the service, when upon the party, is made at his usual place of abode.

In this case, the attorney was at Rockland for the purpose of taking testimony in this cause.

But the facts stated in this caption (which is conclusive) do not afford the basis for the objection taken by plaintiff's counsel.

2. The instruction of the Judge as to the effect of the plaintiff's admissions, proved by defendant, was correct. Greenl. Ev. vol. 1, § 201, and cases cited in note.

3. The instruction of the Judge as to the diligence and care of the mortgagee in the management of the estate, the appropriation of the rents and profits for agencies, taxes, expenditures for repairs, was correct. *Cazenove* v. *Cutler,* 4 Metc. 246.

4. The instruction of the Judge that the jury should find the true cash value of the mortgaged premises on the 7th of September, 1844, when the foreclosure expired, and if it was equal to the amount then due the plaintiff, they should render their verdict for the defendant; if less, then their verdict should be for the plaintiff for the balance due him after deducting from such balance the cash value of the mortgaged premises, at the time the foreclosure became perfected,

was the true rule of damage. *Hatch* v. *White*, 2 Gall. 161 ; *Hunt* v. *Stiles*, 10 N. H. 466 ; 7 Alabama, 708.

5. An auction sale of mortgaged property is only one of the elements, by which to ascertain its true value.

TENNEY, J. — This action is upon a judgment, for the purpose of obtaining a balance, claimed to be due thereon, a part having been satisfied by means of the foreclosure of a mortgage of real estate, given by the defendant as collateral security for the original cause of action.

Objections were made at the trial, by the plaintiff, to the depositions of Samuel Pillsbury and other persons, offered by the defendant, on the ground, that the notice of their taking, was not so long prior to the caption, as the statute requires. The justice has certified, that " the adverse party was duly notified to attend, as will appear by the notice annexed." By this reference, the notice itself makes a part of the certificate, and shows that the plaintiff and his attorney had their residence at the time in Machias, in the county of Washington, a distance of one hundred and ten miles from the place of caption ; and at thirty minutes after eight o'clock in the afternoon of Sept. 27, 1852, were notified, that the depositions objected to, would be taken at two o'clock in the afternoon of the next day. By R. S. c. 133, § 9, amended by statute of 1842, c. 31, § 17, the notice is required to be such, that the adverse party shall be allowed, between the service of the notice, and the time appointed for the taking the deposition, time for him to travel from his usual place of abode, to the place of caption, not less than at the rate of one day for every twenty miles. It is very clear, in this case, that the plaintiff was not legally notified of the taking of the depositions. The appearance of the attorney and the putting of interrogatories by him, were under a written protest, that the plaintiff was not bound, by the notice, and could not be regarded as a waiver of a right to object on that account.

It may be regarded as the settled doctrine of the law of this State, that the holder of a personal obligation, (or a judg-

ment thereon,) for which a mortgage of real estate has been given, as collateral security, may recover the balance of the debt due, deducting the value of the mortgaged premises, at the time of the foreclosure. *Tooke* v. *Hartley,* 2 Bro. Ch. 125; *Amory* v. *Fairbanks,* 3 Mass. 562; *Hatch* v. *White,* 2 Gal. 152; *Omaly* v. *Swan,* 3 Mason, 474; *Dunkley* v. *VanBuren,* 3 Johns. Ch. 330; *Globe Ins. Co.* v. *Lansing,* 5 Cowen, 380; *Lansing* v. *Goelet,* 9 Cowen, 346; *Hughes* v. *Edwards,* 9 Wheat. 489; 4 Kent's Com. Lecture 57, p. 173 and seq., (1st Ed.)

In determining the sum to be allowed on account of the foreclosed mortgage, the excess of the amount of the rents and profits over and above that expended in repairs, necessary improvements, &c., is not to be added to the value of the real estate at the time of the foreclosure. In redeeming from the mortgage at any time, before the title becomes absolute in the mortgagee, the rents and profits are to be accounted for by him, because the mortgager has the right to save the estate from forfeiture, by the payment of the sum, which is due in equity. But the suit upon the personal contract is at law, and the equities, which the debtor had while the mortgage was open, are extinguished. He has no greater right in such action, to claim that the net avails of the rents and profits should be deducted from the amount of the judgment, than he has, that the sum should be refunded to him on a foreclosure of a mortgage on an estate of sufficient value to discharge the entire debt, secured thereby. It is through the laches of the mortgager, that the estate is not redeemed, while his equities remain, and on a failure to do so, the whole land, and its use from the time possession was taken for a breach of the condition, become the property of the mortgagee.

The instructions to the jury were not in accordance with these principles; and the plaintiff's counsel waived the right to have those given, which were in harmony with the law, by requesting those less favorable to him. And if those requested, were substantially given, he has no ground of complaint. The Judge was requested by the plaintiff's coun-

sel to instruct the jury, " that the actual receipts from the rent and sale of the mortgaged property, after deducting necessary expenses, should fix the sum to be allowed upon the judgment, unless they were satisfied, that the plaintiff had not used ordinary care and prudence in the management and sale of said property." The jury were instructed, " that in entering into possession for the purpose of foreclosure, he was bound to exercise the care and prudence in the management and control of the property mortgaged, which a prudent owner would exercise in the management and control of his own property." The instructions given were more stringent against the plaintiff, than those requested. By the latter, he was holden only to the care and prudence required of those standing in the same relation to the property, which he did ; by the former, he was bound to exercise the care and prudence which an owner would exercise, in the management and control of his own property. The management and control of property like the mortgaged premises, is expected to be different by an absolute owner, from that by one, having entered thereon, for condition broken, as a means of obtaining payment of his debt.

Again, by the instructions requested, if the plaintiff had introduced satisfactory proof, that he had accounted for all the rents and profits actually received, the burden would have been upon the defendant to show a want of ordinary care and prudence in the management and sale of the property. The import of the instructions given was, that the plaintiff was bound to show, that he had exercised the care and prudence in the management and control of the property, which an owner would have done in relation to his own property.

The instruction, that if the title of the mortgager was defective, and there was any diminution of price from such defect of title, the defendant alone should be the sufferer for that cause, was correct, and did not differ materially from that requested. The defendant could transfer only his own right ; and the foreclosure could vest in the mortgagee no greater interest, than that which the mortgager had at the time of the

execution of the mortgage ; and any defect of title shown, operated, under the instructions, to diminish the amount satisfied by the foreclosure of the mortgage.

*Exceptions sustained.*

SHEPLEY, C. J., concurred.

HATHAWAY, J., concurred in the result.

RICE, J., concurred in sustaining the exceptions, but from that part of the opinion which precludes the mortgager, (when sued, after a foreclosure, for the balance due on the mortgage debt,) from making claim for rents and profits received by the mortgagee previous to the foreclosure, he dissented, and observed ; — " A mortgage is merely collateral to the principal debt, why then should it not be treated as other collateral security ? Were stocks of any kind or choses in action mortgaged, and these collaterals applied in payment, and an action brought to collect a balance, can there be any doubt that our courts would require the party thus claiming a balance to account for the interest or dividends collected, as well as for the principal, or value of the stocks? The same principle must apply to mortgages of real estate. When a party claims a *balance*, he must account for *all* he has received from the collateral security in his hands.

. It will be found that the rule laid down in the cases, cited by Judge TENNEY, originated in combating the doctrine of the English Chancery Courts, that by an absolute foreclosure of the mortgage the *whole mortgage debt* was thereby paid, or when the mortgager was allowed to claim a balance, the foreclosure should thereby be reöpened. It is this English doctrine of *absolute payment*, that is so ably refuted by Judge STORY in the case cited. I do not find that the facts in any of the cases relied upon raise the question of accounting for rents and profits, nor that the attention of the courts was called to that question. Hence the general terms in which the doctrine announced in the opinion of Judge TENNEY is stated.

The equitable, and I think, the true doctrine applicable to this class of cases, is thus stated by PARSONS, C. J., in the

case of *Newhall & al.* v. *Wright,* 3 Mass. 138.— "If neither the mortgager nor any subsequent mortgagee will redeem, the presumption is violent, that the land, *together with the rents and profits received,* is not worth more than the debt and interest due. If it should be worth less, and the first mortgagee should sue the mortgager to recover the deficiency, *in that suit the mortgager will be allowed not only for the value of the lands* when the mortgagee took possession, *but also for all the rents and profits he received after possession.*"