RICHARD J. BURGES *vs.* CHARLES E. SOUTHER *et als.*

On a bill to foreclose, a decree was entered ordering the respondents to pay a certain sum
to the complainant within a certain time, and, in default of such payment, appointing a
master to sell the mortgaged premises and to deposit the proceeds in the registry of the
court

Subsequently an action of debt on judgment was brought by the complainant against the
respondents to recover the sum mentioned in the above decree. The respondents pleaded
*Nul tiel record.*

*Held,* that the action did not lie, the decree being in the alternative and on a bill to fore-
close.

Foreclosure proceedings in equity are of the nature of proceedings *in rem,* and do not ordi-
narily act *in personam.*

DEBT on Judgment.

At the October Term of this court, A. D. 1884, in an equity
suit brought by the present plaintiff to foreclose a mortgage, to
which suit the present defendants were parties respondent, the
following decree was entered : —

"SUPREME COURT, OCTOBER TERM, A. D. 1884.

*Providence,* SC. :

RICHARD J. BURGES ⎫
            *vs.*          ⎬ Equity No. 1835.
TRISTAM BURGES *et al.* ⎭

"This cause came on to be heard upon the complainant's motion
for the appointment of a master to foreclose the mortgages men-
tioned in the pleadings, and was argued by counsel, and there-
upon, on consideration thereof, —

"It was ordered, adjudged, and decreed that the respondents,
Charles E. Souther and his wife, Mary B. Souther, Andrew S.
Thorp and his wife, Sarah W. Thorp, Casimir de R. Moore and
his wife, Harriet F. Moore, pay, or cause to be paid, to the com-
plainant, on or before the fifteenth day of April, A. D. 1885, one
sixth of the sum due upon the notes secured by said mortgages, to
wit : Twelve hundred sixteen dollars and sixty-seven cents, with
interest thereon since June 30, 1880 ; and, in default thereof, that
George H. Burnham, of Providence, be, and hereby is, appointed
a special master to sell at public auction one undivided fourth of
the estate described in said mortgages, first giving at least three

weeks' notice of such sale by advertisement, twice a week for three successive weeks prior thereto, in the *Providence Daily Journal,* and, on sale thereof, to make, execute, and deliver to the purchaser or purchasers thereof a good and sufficient conveyance, to be approved by the court, of said undivided fourth of said estate, and to receive the proceeds of such sale; and, after paying therefrom the expenses incident to such sale, and retaining a reasonable compensation for his services, to be first allowed by the court, to pay the residue thereof into the registry of this court for distribution among the parties to this suit, as their several rights thereto may appear; and said master is directed to make report of his doings hereunder without unnecessary delay.

" Entered as the decree of court 65th day O. T., 1884 (January 31, 1885).

" By order.                    CHARLES BLAKE, *Clerk.*"

The present action was brought to recover the sum of twelve hundred and sixteen dollars and sixty-seven cents and interest, mentioned in the above decree.

The defendants pleaded *Nul tiel record* and *Non debent.* Jury trial was waived by agreement.

*December* 23, 1885. DURFEE, C. J. We do not think the action lies. The decree must be construed as a decree entered in pursuance of the bill, which is a bill for the foreclosure of a mortgage. It consists of two parts. The first orders the defendants named to pay the complainant one sixth of the sum due on the mortgage notes, to wit, $1,216.67, with interest since June 30, 1880, on or before April 15, 1885. The second part orders, in default of such payment, that the mortgaged premises be sold, and a certain part of the proceeds paid into court. The second order does not come into operation if the first is performed. If the first is not performed, the second becomes operative instead of it, and, when performed, the decree is executed. This results from the alternative character of the two parts. This character would be at once apparent if, instead of the words " *and* in default thereof " at the beginning of the second part, the language had been " *or* in default thereof." But in our opinion the meaning is the same whichever phrase is used, because the two parts are

alternative. Indeed, the first part, though mandatory in form, is an alternative in favor of the defendants, giving them time to avoid foreclosure by paying the debt. Some of the defendants here are married women, incapable of binding themselves personally for the debt, and the court could not have intended to make an absolute personal judgment against them. The cases accord with this view. They hold, where the proceeds of sale under a decree of foreclosure by sale are deficient, that an action lies for the deficiency on the mortgage note or bond. *Globe Insurance Co.* v. *Lansing*, 3 Cow. 580; *Lansing* v. *Goelet*, 9 Cow. 346; *Stevens* v. *Dufour*, 1 Blackf. 387; *Porter* v. *Pillsbury*, 36 Me. 278; *Tooke* v. *Hartley*, Bro. C. C. 125. So, likewise, in case of strict foreclosure. *Hatch* v. *White*, 2 Gallison, 152; *Amory* v. *Fairbanks*, 3 Mass. 562; *Dunkley* v. *Vanburen*, 3 Johns. Ch. 330. There are states in which the courts are empowered by statute to enter judgment for deficiency in foreclosure suits. In South Carolina the courts enter such a judgment as a matter of practice, *Wightman* v. *Gray*, 10 Rich. Eq. 518, but the practice is contrary to the precedents. A foreclosure in equity, it is said, though not a proceeding *in rem*, is in the nature of such a proceeding, and is not intended ordinarily to act *in personam*. 2 Jones on Mortgages, §§ 1709–1711; Wiltsie on Mortgage Foreclosure, §§ 85, 86. The decree here may be more peremptory in terms than such decrees usually are, but we do not think it can be held to be any different in meaning.

*Plea of nul tiel record sustained. Judgment for defendants.*

*Charles H. Parkhurst*, for plaintiff.

*Edwin Metcalf, Charles E. Souther, Charles Bradley*, and *Walter F. Angell*, for defendants.