CLARA B. TAYLOR *et al., Appellants,* v. AMERICAN NATIONAL BANK OF PENSACOLA, FLORIDA, *Appellee.*

Where at the time an assignment of a note and mortgage for $2,250.00 bearing a given date is taken, the public records showed that such mortgage was recorded with the date of the note and the date of the execution and acknowledgment of the mortgage left blank, and such records also showed that a mortgage for $2,500.00 had been executed on the same land on the same day to the same mortgagee, and also that a conveyance had been made of the land to the mortgagee who assumed the $2,500.00 mortgage as a part of the purchase price, and that such conveyance contained a warranty that the title was "free from any lien or incumbrance in law or equity except taxes," such record being constructive notice was sufficient to put the assignee upon inquiry, and as such inquiry would have developed the fact that the $2,500.00 mortgage was given in substitution for the $2,250.00 mortgage, the assignee cannot be regarded as a purchaser without notice of the $2,500.00 mortgage, under the registry statute. But mere constructive notice of such circumstances is not sufficient to amount to bad faith in taking an assignment of the negotiable note under the negotiable instrument statute.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* and *E. C. Maxwell,* for Appellants;

*Reeves & Watson & Pasco,* for Appellee.

WHITFIELD, J.—This appeal is from a decree in a mortgage foreclosure proceeding in which it is held that the complainant's mortgage is prior to that of the appellant Clara B. Taylor.

The bill of complaint herein brought by the bank against the appellants is set out in Taylor v. American Nat. Bank, 63 Fla. 631, 57 South. Rep. 678, where it was decided on a demurrer to the bill of complaint that a bona fide purchaser of a mortgage, executed apparently on the same date between the same parties and upon the same property as was another mortgage, is not held to notice of latent equities in favor of the other mortgage by reason solely of the fact that the other mortgage was recorded after the purchased mortgage was recorded, but before the purchased mortgage was transferred to the purchaser.

Answers were filed setting up matters not appearing in the bill of complaint, and also the following agreements:

"In order to save the expense and time incident to taking testimony formally in this case, the complainant and the defendants, Clara B. Taylor and J. Frank Taylor, agrees upon the following as facts to be considered by the court, in the place of testimony formally taken:

1.   In the record of the mortgage for $2,250.00 sought to be foreclosed in this case, as the same appears in the office of the Clerk of the Circuit Court, of Escambia Coun-

ty, Florida, to have been recorded on February 4th, 1909, the mortgage appears to be dated the — day of December, 1908, acknowledged the — day of December, 1908, and purported to secure one promissory note of date for the sum of twenty-two hundred and fifty ($2,250.00) dollars, made by E. R. Caro, payable to the order of D. Hale Wilson, two years after date; all of which dates — appear in blank as above stated, the record being a printed form with blanks for dates and names, in the record of mortgages in the office of the said Clerk of the Circuit Court. In the original, when it came to the hands of the bank, the said dates were already filled in as shown on the original mortgage, but of this the Taylors had no knowledge until after this suit was affirmed by the Supreme Court on ruling on demurrer.

2. That on February 25th, 1910, E. R. Caro for the expressed consideration of one hundred ($100.00) dollars and other valuable considerations conveyed the property covered by the $2,250.00 mortgage claimed by the complainant as well as the $2,500.00 mortgage claimed by the defendant, Clara B. Taylor, by deed to D. Hale Wilson, his heirs and assigns, in fee simple, the said deed being a full warranty deed, including a covenant against any other incumbrances on the property, except the taxes for 1910, and containing a clause in the following language: 'Grantee assumes payment of the mortgage made by *grantee* to grantee for $2,500.00 on the 8th day of December, 1909, and recorded in book 43 at page 508 of the mortgage records of Escambia County, Florida,' which deed was recorded on February 26th, 1910, in the office of the Clerk of the Circuit Court of Escambia County, Florida, in Deed Book 58, page 206, and nowhere else in said office, A certified copy of the record of which deed is hereto at-

tached.　The true consideration for said deed was "Wilson's assumption of said mortgage and the taxes of 1910.

3.　That the $2,500.00 note and mortgage was endorsed, transferred, assigned and delivered to the said Clara B. Taylor on November 9th, 1909, for a valuable consideration, prior to the making of the deed by Caro to Wilson above mentioned, and prior to the assignment of the $2,250.00, note and mortgage by Wilson to the complainant; and that at the time of such assignment and transfer to the said Clara B. Taylor, neither she nor her husband had any actual knowledge of the existence of the $2,250.00, mortgage or any constructive notice or knowledge thereof, except such as accrued from the record of said mortgage on the public records in the Clerk's Office of Escambia County, Florida, nor did the said Clara B. Taylor or the said J. Frank Taylor, her husband, have any actual or constructive notice of the said $2,250.00 mortgage, other than from the records, as aforesaid, until subsequent to the time that the complainant received an assignment of the same from the said D. Hale Wilson.

4.　That the complainant at the time the $2,250.00 mortgage and the note secured by it were endorsed and transferred to complainant, had no actual or constructive knowledge of the existence of the $2,500.00 mortgage claimed by the defendant Clara B. Taylor, or of the deed from E. R. Caro to D. Hale Wilson mentioned above, other than such as was constructively given the complainant by reason of the record of said mortgage, held by Clara B. Taylor on the mortgage records of Escambia County, Florida, and of the record of the said deed from the said E. R. Caro to the said D. Hale Wilson on the Deed Records of Escambia County, Florida, both of which were recorded as hereinbefore stated, prior to the com-

plainants acquisition of the said $2,500.00 note and mortgage.

5. That the $2,500.00 mortgage was, in fact, given in substitution of the $2,250.00 mortgage, and it was so understood between D. Hale Wilson and E. R. Caro at the time it was given, which understanding was never rescinded, but the facts stated in this paragraph were not known to the complainant at the time it took an endorsement and assignment of the said $2,250.00 mortgage in May, 1910, nor for many months thereafter, and after it had parted with the consideration advanced by it to the said Wilson for the assignment and transfer, or pledge of the said mortgage and note to it, the complainant.

6. That the complainant at the time that it acquired the $2,250.00 note and mortgage did not know and did not learn until many months afterward, of the existence of the record of either the $2,500.00 mortgage or the deed hereinabove mentioned.

7. That between F-bry. 25, 1910, the date of the conveyance from Caro to Wilson, and May 13, 1910, the date of the said Wilson's negotiation of the sad $2,250.00 mortgage to the complainant, the said Wilson did not make any conveyance of or create any incumbrances on the mortgaged property.

8. That it is not known whether at the time the deed of February 25, 1910, was made by E. R. Caro to D. Hale Wilson, Wilson then had in his possession the $2,250.00 note and mortgage, or whether it was then in the hands of someone as collateral security for a loan to Wilson, and later came back to his hands, but it is known and agreed that at the time of and shortly after the making of the $2,250.00 note and mortgage, Wilson then had the $2,250.00 papers in his hands, and that he had it in his

hands when it was transferred to the bank of May 13th, 1910, and that there is nothing on the face of the note and mortgage, or on the records in the office of the Clerk of the Circuit Court of Escambia County, Florida, tending to show any transfer of the note and mortgage to any person other than the bank.

9. The deed of February 25th, 1910, from Caro to Wilson, was filed for record by Wilson on the 26th day of February, 1910, he did not file it in person, but sent it to the Clerk of the Circuit Court of Escambia County, Florida, for record, without any directions as to what book it was to be recorded in, and without any statement to the Clerk that it might operate as a merger or satisfaction by operation of law, and the Clerk having no actual knowledge of any intended merger, thereupon recorded the said deed in a book for the record of deeds conveying lands, and did not record it in the cancellation or satisfaction records.

10. That it is not known whether the unfilled blanks shown by the record of the $2,250.00 mortgage were unfilled in the mortgage when it was filed for record, or whether the recorder inadvertently omitted to fill them in, and failed to notice that he had not filled in when verifying the record. The Notary who took the acknowledgement of the $2,250.00 mortgage has no recollection of ever knowingly signed an undated acknowledgement or taking an acknowledgment to a mortgage or paper whose date was left blank, and affirms, and would testify his custom to have been to see that such dates were filled in at the time of taking an acknowledgment.

11. That the defendant E. R. Caro signed the note for

$2,250.00 dated December 8, 1908, and offered in evidence herein in connection with the testimony of C. W. Lamar.

Reeves & Watson, J. C. Avery,
Attorneys for Plaintiff.

Blount & Blount & Carter,
Attorneys for Defendants Taylor."

There was a decree of foreclosure for complainant and the defendant appealed.

The real question presented is whether when the complainant bank took from Wilson the $2250.00 note and mortgage, it had record or other notice of such facts and circumstances as reasonably should have put the bank upon inquiry that would have disclosed an equity in favor of the holder of the $2500.00 mortgage as against the mortgage taken by the bank from the original mortgagee of both mortgages.

When, on May 13, 1910, the bank took the $2250.00 note and mortgage as collateral security for a $2000.00 loan, it did so charged with the constructive notice afforded by the record that the $2250.00 mortgage was recorded with the date of the note and the date of the execution and acknowledgment of the mortgage left blank, and that a mortgage for $2500.00 had been given on the same land on the same day to the same mortgagee, and also that a conveyance had been made of the land to the mortgagee who assumed the $2500.00 mortgage as a part of the purchase price, and that such conveyance contained a warranty that the title was "free from any lien or incumbrance in law or equity except taxes for 1910." These matters except as to the fact of the record of the two mortgages did not appear on the former appeal.

While the record of the $2250.00 mortgage with the date of the note and the date of the execution and acknowl-

edgment of the mortgage left blank therein, may not have affected the mortgage as between the parties to it, yet such a record taken in connection with the record of the $2500.00 mortgage on the same land given on the same day, to the same mortgagee and also taken in connection with the record of the conveyance of the land to the original mortgage who assumed the $2500.00 mortgage as a part of the purchase price and the warranty contained in the conveyance that the title was "free from any lien or incumbrance in law or equity except taxes for 1910," seems to have been reasonably sufficient to put the bank upon inquiry as to the true condition of the title to the land covered by the mortgage offered to it by the original mortgagee; and such enquiry would most probably have developed the fact that the $2500.00 mortgage was executed in substitution for the $2250.00 mortgage, and it would have thereby appeared to the bank that as between the mortgagor and the original mortgagee, the $2250.00 mortgage offered to the bank by the original mortgagee was not in fact an outstanding valid mortgage.

These records of which the bank had constructive notice were sufficient to put the bank upon inquiry, even though a consideration of the original $2250.00 mortgage together with the record of the mortgage and the other records might not have shown an inferiority or invalidity of the $2250.00 mortgage, offered to the bank, and even though the conveyance of the land may not have affected the $2250.00 mortgage if it was properly outstanding. The enquiry that these peculiar features of the record constructively known to the bank reasonably should have prompted, would have informed the bank that the $2500.00 mortgage was executed and acknowledged as a substitute for the $2250.00 mortgage, and also that the $2500.00, mortgage was held by a third party for value and without

notice of the existence of the $2250.00, mortgage that was offered by the original mortgagee to the bank. Under these circumstances the holder of the $2250.00 mortgage cannot be regarded as a purchaser without notice of the $2500.00 mortgage. Sec. 2480 Gen. Stats.

While the constructive record notice afforded under the recording statute as above stated is held to have been sufficient to put the bank upon enquiry in taking an assignment of the $2250.00 mortgage, and such enquiry would have disclosed the substitution of the $2500.00 mortgage, for the $2250.00, mortgage, and the invalidity of the latter, yet such record notice is not of such a nature as to make the action of the bank in taking the $2250.00, note amount to *bad faith* as required by section 2989 of the General Statutes relating to informities and defects in negotiable instruments. See Scott v. Taylor, 63 Fla. 612, 58 South. Rep. 30; Taylor v. American Nat. Bank, 63 Fla. 631, 57 South. Rep. 678. Mere failure to follow constructive record notice does not necessarily "amount to bad faith" within the meaning of the statute, and therefore the bank is on this record a holder for value of the negotiable note as against Caro.

The decree is reversed.

Shackleford, C. J., and Taylor, Cockrell and Hocker, J. J., concur.