VIRGIL H. VOORHIS, *Plaintiff in Error*, v. W. E. CRUTCHER, JOHN A. HALL, and CLARA W. ANGELL, *Defendants in Error*.

Division B.

Opinion filed July 30, 1929.

*Sheppard & West*, for Plaintiff in Error;

*Campbell & Campbell*, for Defendants in Error.

BUFORD, J.—In this case the plaintiff in error sued W. E. Crutcher, John A. Hall, and Clara W. Angell and alleged as his cause of action a finding of the chancellor, contained in an order of confirmation of sale incident to foreclosure proceedings, in effect that there was due from the defendants to the plaintiff after the application of the proceeds of the sale on the original debt the sum of $15,758.25.

The defendant, Crutcher, demurred to the declaration and the demurrer was sustained and a judgment was entered thereon. Writ of error was sued out.

The question before this Court is whether or not the plaintiff stated a cause of action in attempting to base his suit on the findings of the chancellor as contained in the order of confirmation of sale under foreclosure.

The defendant, Crutcher, contended that plaintiff's action was on the note to secure the payment of which the mortgage was executed for such balance as remained unpaid after crediting the proceeds of the sale of the mortgaged property.

We find no statutory authority in this State authorizing suit at common law to recover upon the findings of a chancellor as to the balance due on a debt after applying the proceeds of a foreclosure sale in a case where the chancellor has refused, as he did in this case, to enter a deficiency decree.

Chapter 11993, Acts of 1927, provided: "That in all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common-law to recover such deficiency." The latter part of the above quoted section, "but the complainant shall also have the right to sue at common-law to recover such deficiency," is at best only

a restatement of the common-law and the law obtaining in this State prior to that enactment, and it can not be construed to authorize a suit to be filed based upon the findings of the chancellor in such cases. The findings of the chancellor might be admissible in evidence to prove the amount of the deficiency after crediting the proceeds of the mortgage foreclosure on the debt. But the right of action is not on such findings, but is on the original obligation, whether it be a note or bond for the balance remaining unpaid after crediting the proceeds of the foreclosure sale. In Wilson & Herr v. Heyward, 6 Fla. 171, this Court say:

"In case of a mortgage to secure notes payable at different periods the note which first falls due has the prior right to be satisfied out of the mortgaged property, unless there is some peculiar equity attached to the notes of subsequent date, and so as to the other notes."

This enunciation was affirmed in Polk County National Bank v. Darrah, 52 Fla. 581, 42 So. R. 323, and in Kissimmee Everglade Land Company v. Carr, 88 Fla. 387, 102 So. R. 335.

As notes secured by mortgage may be held by different individuals, and the sale of mortgaged property might satisfy the notes in the hands of some holders and not satisfy those of a later maturity date in the hands of other holders, the findings of the chancellor as to the general balance unpaid would be in many cases indefinite and uncertain as to the legal liability of the maker of the notes. In Scott v. Taylor, 63 Fla. 612, 58 So. R. 30, this court say:

"A mortgage executed as security for the payment of a negotiable promissory note is a mere incident of an ancillary to such note. When it comes to the pay-

ment thereof, the rights of the parties thereto, as well as of third persons, are governed by the rules relating to negotiable paper; in other words, payment to anyone other than the holder of the negotiable instrument is at the risk of the payer, and is binding upon the holder of the paper only where express or implied authority to receive such payment is established by the person making the same. Hence, payment of a negotiable note secured by mortgage by the mortgagor or his grantee, where made to the original mortgagee who is not in possession of the note and mortgage, is not binding upon an assignee thereof before maturity who was in possession of the papers at the time of such payment, unless he had expressly or impliedly authorized such payment.

"The duty of a maker of a negotiable note to see that the person to whom he pays it has it in his possession before making the payment is not affected by the fact that the note was on its face payable at the office of the person to whom he makes the payment.

"The maker of a negotiable promissory note can satisfy it only by payment to the owner at the time of such payment, or to such owner's authorized agent. If the recipient of the money is not actually authorized, the payment is ineffectual, unless induced by unambiguous direction from the owner, or justified by actual possession of the note. This rule applies generally to all negotiable paper, independently of the existence of any mortgage or other security."

The holding as stated above has been affirmed in Taylor v. American National Bank of Pensacola, 64 Fla. 525, 60 So. R. 783, and in Harris v. Robertson et al., 77 Fla. 214, 81 So. R. 224. See also Northrup et al. v. Reese, 68 Fla. 451, 67 So. R. 136.

It appears unnecessary to go beyond this jurisdiction for authority to support the judgment of the lower court. In Webb v. Blanc, 39 Fla. 224, 22 So. R. 655, this Court speaking through Mr. Justice MABRY say:

"The fact that a mortgage was taken to secure the note did not deprive the holder thereof of the legal remedy to collect it, nor is there any legal obstacle in the way of his suing at law for the balance due on the note after the sale under the foreclosure decree in equity, if no judgment for the deficiency was entered in such proceedings. Dunkley v. Van Buren, 3 Johns Ch. 330; Porter v. Pillsbury, 36 Maine 278; Stevens v. Dufour, 1 Blackf. 387; Omaly v. Swan, 3 Mason 474. It is stated in Jones on Mortgages, Vol 2, Sec. 1711, that 'a court of equity can not, independent of any provision of statute giving the authority, decree the payment of the balance that may remain of the mortgage debt after applying the proceeds of the property mortgaged, unless the debt without the mortgage, was such that a court of chancery would have jurisdiction of it and could enforce it. * * Without the aid of statute, or circumstances giving equitable jurisdiction over the demand, the only proper remedy for the deficiency is by action at law upon the bond or note.'

"Before the adoption of a rule on the subject no decree in chancery for a deficiency, after sale of the mortgaged property, could be entered in the equity courts of the United States, and the only remedy was at law. Noonan v. Lee, 2 Black, 500; Orchard v. Hughes, 1 Wall 73. In 1864 the Supreme Court of the United States adopted a rule on the subject, and this Court adopted a similar one—rule 89 for Circuit

Courts in suits in equity—and it has since been the practice in both Courts to render a decree for any balance that may be found due over and above the proceeds of the sale of the mortgaged property. While a deficiency decree may be rendered in the foreclosure suit in equity, still, if none is asked for, and none is entered, the remedy at law for the balance remains, and resort to it may be had.''

In 19 R. C. L., page 665, Section 481, the author says:

''It is the general rule, however, that as the holder of a mortgage is entitled to recover the full amount of the mortgage debt, he may maintain an action on the debt for what remains due, where there is a deficiency after foreclosure of the mortgage, either by suit or under a power of sale. Thus, if property is sold under a power in a trust deed, the amount realized at the sale may properly be treated as a payment on the note; and the holder may maintain an action to enforce payment of the balance remaining unpaid and unsecured, although the statute provides that there can be but one action for the enforcement of any right secured by mortgage.''

In the case of Globe Insurance Co. v. Lansing, a New York case, 5 Cowen 380, 15 Amer. Dec. 474, touching the subject here under consideration, the Court speaking through Mr. Chief Justice Savage say:

''The question presented is, whether a foreclosure and sale of the premises mortgaged as a collateral security, is an extinguishment of the debt due on the bond. It most clearly is not, any further than to the extent of the money produced by the sale of the mortgaged premises. In the case of Dunkley v. Van-Buren, 3 Johns. Ch. 331, the late Chancellor Kent

says: 'It seems to be generally admitted in the books, that the mortgagee may proceed at law on his bond or covenant, at the same time that he is prosecuting on his mortgage in chancery; and that after foreclosure here, he may sue at law on his bond for the deficiency. He cites many of the cases cited at the bar; and those cases certainly support the doctrine.' "

It appears that there was no error in the judgment and therefore the same should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.