W. THEO WOODWARD, *Plaintiff in Error,* v. C. S. DISHONG, *Defendant in Error.*

135 So. 804.

Division A.

Opinion filed July 7, 1931.

Petition for rehearing denied July 29, 1931.

348

*Scarlett, Jordan, Futch & Fielding,* Attorneys for the Plaintiff in Error;

*S. D. Williams,* Attorney for the Defendant in Error.

BROWN, J.—This was a suit for an alleged balance due on purchase money mortgage notes. The defendant pleaded the action of the chancery court in the foreclosure proceedings as res judicata.

The prayer for deficiency decree in the foreclosure proceedings was denied on February 15, 1927. It was applied for, the court considered the matter, took testimony, and adjudicated that the complainant was not entitled to a deficiency decree and denied it. It appears that the original mortgagor in a purchase money mortgage was complainant, and had bid in the property at the foreclosure sale, and after denial of deficiency decree, brought this suit against the original mortgagor on the notes. At the time the deficiency decree was applied for and denied, Chapter 11993 of the Laws of 1927, had not been adopted. It was on this statute of 1927 that the opinion in Gober vs. Braddock, 131 So. 407 was largely grounded. At the time of the denial of the deficiency decree which was set up as a defense in this

case, the power of the chancery courts to adjudicate this question rested upon equity Rule 89 and Chapter 7839 of the Laws of 1919. We are inclined to the opinion that the well settled doctrine of res judicata applied. Of course, in a case where no deficiency decree was asked for and none was entered, or where a deficiency decree was applied for but the equity court did not see fit to exercise its jurisdiction, the remedy at law for any deficiency remaining after the foreclosure sale would remain. This appears to be the effect of the opinion in Webber v. Blanc, 39 Fla. 224, 22 So. 655. But prior to the act of 1927 this court has never held that where the complainant applied for a deficiency decree and the chancellor assumed jurisdiction and considered and adjudicated the question and denied such application for deficiency decree in whole or in part, such adjudication by the court could not be pleaded as res judicata in a subsequent action at law based upon the same cause of action. Whatever may have been the effect of Chapter 11993 of the Acts of 1927 or of Chapter 13625 of the laws of 1929, we are inclined to the view that, at least as to decrees rendered prior to the act of 1927 (and we are not required to go farther here), in cases where the exercise of the jurisdiction of the chancery court to adjudicate the right of the complainant to a deficiency decree in foreclosure cases was expressly invoked, and the question was actually considered and adjudicated by the court and the deficiency denied, in whole or in part, such adjudication had the same force and effect as the adjudication of any other question properly submitted to a chancery court, and remained in full force and effect unless reversed on appeal or impeached or set aside upon some one of the recognized grounds upon which a decree may properly be set aside or impeached. In other words, that such an adjudication by the chancery court, so long as it remained in full force and effect, was final as between the parties and any other persons in privity with and claiming under them, under the time honored doctrine of

res judicata. The writer is of the opinion that the Act of 1927 did not change this rule. See Cragin v. Ocean and Lake Realty Co., 133 So. 569. It may be that a mere perfunctory denial of an application for a deficiency decree, as appears to have been the case in Gober v. Braddock, *supra,* might be deemed a refusal by the chancellor to exercise the permissive—not compulsory—jurisdiction vested in him by statute and rule of court; but it appears from the plea of res judicata in the this case that the court carefully considered the application for deficiency decree and the equitable considerations raised thereby, and heard testimony on the question, and denied the application on the date the order confirming the sale was rendered; that is, February 15, 1927, as shown by the subsequent entry thereof as of that date by an order *nunc pro tunc* later entered in due form. Therefore it clearly appears that the complainant invoked and the court exercised its jurisdiction and denied the deficiency, and the complainant took no appeal.

There was therefore, no error committed in overruling the demurrer to the plea of res judicata, and in rendering judgment for the defendant.

Affirmed.

BUFORD, C.J., AND ELLIS, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.