H. B. MABSON, *Plaintiff in Error,* vs. HERMAN CHRIST, *Defendant in Error.*

140 So. 671.

En Banc.

Opinion filed March 31, 1932.

*Dickenson & Lake,* for Plaintiff in Error;

*Don Register,* for Defendant in Error.

ON PETITION FOR REHEARING.

BROWN, J.—This case was brought before us on writ of error to a judgment of the Circuit Court of Polk County. The errors assigned were that the court erred in sustaining the demurrer of the plaintiff to the defendant's pleas, which were pleas of res judicata, and in rendering final judgment against the defendant. The judgment of the court below was affirmed by this court in a memorandum decision handed down on April 20, 1931. See 134 So. 43. Petition for rehearing was filed.

This was an action upon promissory notes for a deficiency after foreclosure suit. The pleas of res judicata set up the former foreclosure proceedings as a defense. These proceedings were reviewed by this court in Mabson v. Christ, 96 Fla. 756, 119 So. 131, wherein the pertinent facts relating to such proceedings, and which are alleged in the pleas filed in the instant cases, are set forth. It will be observed that in that case this court reached the conclusion that in the foreclosure proceedings, although the bill contained a prayer for deficiency decree, the right of the complainants to a deficiency decree was not adjudicated nor held open for subsequent disposition, and that therefore, after that proceeding had been concluded and ended, the court could not, after the time for rehearing had expired, and the decree had become absolute, render a deficiency decree on motion of the complainant.

It thus appears that the decision of this court on the former appeal was based upon the finding that the right to a deficiency decree had not been adjudicated in the foreclosure proceeding, and that therefore the attempt to adjudicate that question after the foreclosure proceeding had terminated and the final decree and decree of confirmation had become absolute, was void and of no effect.

The general rule is that a judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. However, this general rule does not mean that the prior judgment is necessarily conclusive of matters not in issue or adjudicated, and which were not germane to, implied in, or essentially connected with, the actual issues upon which the case was tried, although they may affect the ultimate rights of the parties and might have been presented and tried in the former action. Neither is the rule applicable to issues, the trial of which rests within the discretion of the court, where that discretion was not exercised. See 34 C. J. 823.

In the case of Woodward v. Dishong, 135 So. 804, this court said: ''Of course, in a case where no deficiency decree was asked for and none was entered, or where a deficiency decree was applied for, but the equity court did not see fit to exercise its jurisdiction, the remedy at law for any deficiency remaining after the foreclosure sale w|ould remain.'' This appears to be the effect of the opinion in Webber v. Blanc, 39 Fla. 224, 22 So. 655.

In Taylor v. Prine, 132 So. 464, it was held that the entry of a deficiency decree in a mortgage foreclosure case rests in the sound judicial discretion of the chancellor, under Chapter 11993, Acts of 1927; and in Fagen vs. Robbins, 96 Fla. 91, 117 So. 763, it was held that said Chapter 11993 was no more than a declaration of what the law had been since the adoption of equity rule 89, unless the law was changed by the last clause of Section 1 of the Act, which reads as follows: ''But the complainant shall also have the right to sue at common law to

·recover such deficiency.'' As to this quoted language from the Act of 1927, this court in Voorhis v. Crutcher, 98 Fla. 259, 123 So. 742, said: ''It is at best only a restatement of the common law and the law obtaining in this State prior to that enactment.'' See also Gober v. Braddock, 131 So. 407, 100 Fla. 1406; Younghusband v. Fort Pierce Bank and Trust Company, 100 Fla. 1088, 130 So. 725, and Cragin v. Ocean and Lake Realty Co., 133 So. 569, and, on rehearing, 135 So. 795. It might be noted that the foreclosure proceedings set up in the pleas in this case were had before Chapter 13625 of the laws of 1929 was adopted.

As no application was made for a deficiency decree in the foreclosure suit after the sale was had and the chancery court never exercised nor attempted to exercise its discretionary power to adjudicate the question as to whether or not the complainant was entitled to a deficiency decree until after its jurisdiction of the cause had terminated, the pleas of res judicata were insufficient, and the court below was without error in sustaining the demurrer thereto. See Day vs. Weadock, decided at this term, opinion filed February 17, 1932.

Rehearing denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.