R. N. DURRANCE, *et al.*, v. GULF LIFE INSURANCE Co.

149 So. 806.
Division A.
Opinion Filed September 20, 1933.
Rehearing Denied Oct. 19, 1933.

*F. T. Haskins,* for Plaintiffs in Error;

*B. M. Wimberly* and *Jordan & Hill,* for Defendant in Error.

DAVIS, C. J.—This was a suit at law on certain promissory notes as to which a mortgage had been foreclosed against the same defendants and a deficiency decree against them afterward applied for and denied in the chancery proceeding. When sued in the present action, the plaintiffs in error, as defendants below, filed certain pleas of *res adjudicata.* In these pleas they relied for a complete defense to the present cause of action sued on, upon the effect of the adjudication made in the chancery decree of the Circuit Court of Highlands County, in which decree the Circuit Court, in finally closing the foreclosure case by confirming the foreclosure sale, had ordered, adjudged and decreed that complainant's "application" for a deficiency judgment against the defendants in that case be denied.

The trial Judge in this case in the Court below, sustained demurrers to the defendants' pleas of *res adjudicata,* apparently on the authority of the case of Gober v. Braddock, 100 Fla. 1406, 131 Sou. Rep. 407. The Gober-Braddock case was decided about the time an earlier order overruling demurrers to the defendants' pleas of *res adjudicata* had been entered. For this reason a later order sustaining plaintiffs' demurrers to the defendants' amended pleas was on rehearing granted, the reason being the supposed effect of the Gober v. Braddock opinion of this Court.

The final judgment herein was entered in this cause on July 8, 1931. Since the date of the rendition of such judgment, two decisions of this Court have been announced

and published which we deem controlling in support of the validity of the defendants' amended pleas of *res adjudicata* to which demurrers of plaintiff were sustained by the court below.   See Woodward v. Dishong, 102 Fla. 347, 135 Sou. Rep. 804; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 Sou. Rep. 50.

On the authority of the two cases last cited, the judgment herein must be reversed and the cause remanded, with directions to overrrule the demurrers and motions addressed to the amended pleas of *res adjudicata* filed February 2, 1931, and have such further proceedings as may be according to law.

Reversed and remanded with directions.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur. ELLIS, J., not participating.