LETTS, Chief Judge.
This appeal stems from a trial judge’s ruling that a subsequent suit seeking damages for a deficiency was barred by the doctrine of res judicata because the deficiency could have been obtained in the orig *200 inal complaint in replevin which resulted in the repossession and judicial sale of the heavy machinery involved secured by a chattel mortgage. We reverse.
It is our conclusion that res judicata is inappropriate. The mere fact that the standard complaint in replevin might have supported a deficiency judgment does not preclude a separate seeking of same after repossession and sale.
Section 702.06, Florida Statutes (1977) provides as follows:
702.06 Deficiency decree; common law suit to recover deficiency. — In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency ...
At first blush this entire chapter might be thought to apply only to real estate but that limitation is dispensed with when Section 702.06 is plugged in with the above which seems clearly to provide that a separate suit can be maintained. See also Mabson v. Christ, 104 Fla. 606, 140 So. 671 (1932) and Woodward v. Dishong, 102 Fla. 347, 135 So. 804 (1931).
Appellee however argues on appeal that even if the above be true under normal circumstances, it is not so in the case now before us because the language employed in the replevin complaint “lays the basis for a deficiency judgment” and that the deficiency was prayed for yet not obtained. However, there is no need for us to pass on this question for we see nothing in the language of the complaint employed which supports such an argument. For example, we are directed to the demand that the plaintiff be awarded damages. Such language does not in our opinion necessarily call for a deficiency judgment and even the standard replevin form 1.937 in the Florida Rules of Civil Procedure makes the same demand.
Accordingly, the summary judgment obtained below is hereby reversed and this cause remanded for proceedings in accordance herewith.
REVERSED AND REMANDED.
ANSTEAD and MOORE, JJ., concur.