416 So.2d 15 (1982)
Nieves Miriam SANCHEZ and Evelio Sanchez, Appellants.
v.
Lewis Edwin MARTIN and Travelers Insurance Company, Appellees.
No. 81-2391.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Rehearing Denied July 20, 1982.
Pepe & Nemire, Coral Gables, for appellants.
Henderson & Willing and Linda Koenigsberg, Miami, for appellees.
Before SCHWARTZ, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Evelio and Nieves Sanchez, husband and wife, appeal from a Final Summary Judgment entered on their complaint for damages. This appeal challenges the trial court's determination that the action was barred by res judicata and/or collateral estoppel.
The pertinent facts are as follows: On June 16, 1980 an automobile owned and operated by Martin collided with an automobile owned by Evelio and Nieves Sanchez, being operated by Nieves. Martin successfully sued Nieves in the county court and recovered damages and costs of $1,012.19. Several months later Evelio and Nieves Sanchez brought a Circuit Court action against Martin for personal injuries suffered in the same accident of June 16, 1980. On Martin's affirmative defenses of res judicata and collateral estoppel, supported by an unopposed affidavit reciting the factual finding that Nieves had been determined 100% at fault in the first action, the Circuit Court entered summary judgment for Martin.
Appellant contends (1) Nieves's cause of action had not matured at the time Martin's suit was filed in the county court because she had not reached "maximum medical improvement" therefore waiver or estoppel should not apply and, (2) Evelio was not a party to the first action so there was no requirement to counterclaim and for the same reason collateral estoppel and res judicata have no application.
As to the claim of Nieves Sanchez we affirm the trial court's determination that res judicata is a bar. A judgment on the merits in a former suit between the same parties on the same cause of action by a court of competent jurisdiction operates as an estoppel. Mabson v. Christ, 104 Fla. 606, 140 So. 671 (1932). The dispositive issue of fault was litigated as between Martin and Nieves Sanchez adverse to Nieves, rendering moot the question whether her claim had matured.
*16 We consider briefly appellants second point. Evelio's claim is derivative in nature, founded on his relationship as husband of Nieves or otherwise stated, Evelio has an interest in the litigation only in privity, thus if the wife's claim is defeated, the derivative claim of the spouse also falls. Gates v. Foley, 247 So.2d 40 (Fla. 1971); Habelow v. Travelers Insurance Company, 389 So.2d 218 (Fla. 5th DCA 1980); see Davis v. Asbell, 328 So.2d 204 (Fla. 1st DCA 1976) (a judicial determination of liability in favor of husband in the primary action is binding upon the subordinate action for loss of consortium).
Affirmed.