GRIFFIN, Judge.
Appellant, Donald Hook, appeals a summary final judgment in favor of Bay Financial Savings Bank [“Bay Financial”]. We reverse.
This action commenced in 1992. Appellee, Bay Financial, filed suit against the appellants, Donald Hook and U.S. Rental Self-Storage [“defendants”], in the amount of $880,864. The record suggests it was an action on a guaranty. Allegedly due to mis-communication between defendants and counsel whom they had contacted about representation, no response to the complaint was filed and a default judgment was entered.[1]
Nearly three months later, on June 12, 1992, through counsel, defendants filed two motions with the lower court. The first motion sought to set aside the default judgment on the basis of excusable neglect by counsel in failing to timely defend. The second motion sought relief from the amount of the final judgment. Defendants requested that the amount be altered, modified or deemed satisfied on the ground that Bay Financial had already received substantial monies in payment of the debt underlying the guaranty, including funds received during the course of the principal debtor’s bankruptcy.
On December 10, 1992, the trial court entered an order that granted defendants’ motion to set aside the default and vacated the final judgment. Defendants were given eleven days, until December 21, to file an answer to the complaint.
For reasons unexplained on the record, five days later, on December 15, 1992, the trial court entered a second order contradicting the December 10 order. Specifically, in this order, the trial court set forth that, after conducting a hearing on defendants’ post-judgment motions, the court had determined to defer ruling on defendants’ motion to set aside the default judgment until the court had an opportunity to review the legal memorandum submitted by Bay Financial. The court also recited that defendants had orally requested leave to amend their second motion, by which it had sought an amendment of the amount of the judgment. The court gave defendants leave to amend that motion within ten days.[2] The record does not contain a transcript of this hearing.
We do not know when defendants received this new order but, six days later, on December 21, 1992, defendants filed an answer to the bank’s complaint, in accordance with the original order. It is unknown when they received the second order. Defendants nev *1299 er filed an amended motion to alter the amount of the judgment.
The following day, on December 22, 1992, the lower court entered a third order, the title of which reflects that it “grants” defendants’ motion to set aside the final judgment; however, the text of the order plainly states that the motion to set aside the final judgment is denied.
Then, on January 8, 1993, Bay Financial filed a notice of appeal from the December 10, 1992 order. In addition, on January 11, Bay Financial served its reply to the answer filed by defendants, a motion to strike one affirmative defense, and a motion to dismiss defendants’ counterclaim.
On January 14, 1993, the lower court stia sponte entered yet another order in which it says that it realizes its December 15 order should have expressly set aside the December 10 order. It also expressly confirms and ratifies its ruling in the December 22 order, although it notes that the title of the order was incorrect. Upon the issuance of the court’s January 14 order, Bay Financial voluntarily dismissed its appeal.
There was no further action of record in this case for almost eleven months. Apparently, after the court in Orange County denied the motion to set aside the final judgment, hapless counsel for defendants next attempted to initiate some sort of independent proceeding in Hillsborough County attacking the final judgment. Bay Financial Savings Bank, F.S.B. v. Hook, 648 So.2d 305 (Fla. 2d DCA 1995).
The action brought against Bay Financial in Hillsborough County alleged that the bank had perpetrated a fraud upon the Orange County court by failing to disclose that the bank had received payment from collateral. Bay Financial filed a motion to dismiss this action asserting that res judicata (based upon the proceedings in Orange County) barred that proceeding. The basis for the claim of res judicata is unknown to us; the challenge to the accuracy of the amount of the judgment filed in the Orange County action was still pending. Evidently, counsel for Bay Financial succeeded in convincing counsel for defendants that the Hillsborough action could not be maintained and he filed a “notice of voluntary dismissal with prejudice.” [3] Soon, however, defendants’ counsel realized that Bay Financial would contend that, by dismissing the Hillsborough case with prejudice, the proceeding in Orange County would be barred. Defendants sought to amend the dismissal but relief was denied by the Hillsborough court.[4]
Back in Orange County, on December 8, 1993, Hook filed a request to the court to schedule an evidentiary hearing or a trial on its pending motion to amend the amount of the judgment. The lower court’s December 15 order had suggested this was the procedure to follow.[5] When the matter was scheduled by the court, the bank filed a motion to set aside the order, arguing that the motion could not be scheduled because it was not “at issue.” Then, rather than attack the still pending motion to amend the final judgment or otherwise respond to it, Bay Financial elected to file a motion for summary judgment, asserting now that the Orange County proceeding was barred by the doctrine of res judicata due to the dismissal with prejudice filed by defendants in the Hillsborough County case. This is the summary judgment *1300 that was granted by the lower court and which is on appeal. We conclude the summary judgment cannot be sustained on the basis of res judicata. Res judicata does not bar the Orange County proceeding for two reasons. First of all, the dismissal with prejudice does not constitute the kind of adjudication on the merits that would support a res judicata claim.[6] Second, the pending motion to amend the amount of the final judgment in the Orange County case cannot be barred by the dismissal of the claim in Hillsborough County that Bay Financial perpetrated a fraud on the Orange County court.
No order of the lower court ever struck or denied the original motion to amend the amount of the judgment, it merely granted defendant’s leave to amend it. The unamended motion asking the court to alter the amount of judgment to which Bay Financial was entitled is still pending.
We have no basis to determine whether there is any merit to defendants’ claim that the bank has obtained a judgment in an amount to which it was not entitled, but we are obliged to reverse the summary judgment based on res judicata and remand this matter for the motion to be disposed of.
W. SHARP, J., concurs and concurs specially, with opinion.
DAUKSCH, J., dissents, with opinion.

. It is unclear whether defendants received notice of any hearing to establish the amount of the judgment after the default but this has not been raised on appeal.

. ORDERED, ADJUDGED AND DECREED that Defendant, DONALD J. HOOK’s oral motion to amend his Motion to Amend, or Reduce Judgment, for an Accounting and for Declaratory Relief is hereby GRANTED. Defendant HOOK shall have ten (10) days in which to file his amended motion and Plaintiff shall have ten (10) days in which to file its response thereto. Thereafter, either party may schedule an evidentiary hearing on the amended motion. Defendant, DONALD J. HOOK, shall be permitted limited discovery from the Plaintiff regarding any rents received from the mortgaged property prior to foreclosure and any payments received under a plan of reorganization of Pittsburgh Cut Flowers Co., Inc.

. The parties advise us that no order of dismissal was entered by the Hillsborough court.

. We are unaware of what was presented to the Second District Court of Appeal that caused that court to conclude that in the Hillsborough action defendants were relying on the same issues that underlay the motion to set aside the default. Bay Financial Savings Bank, F.S.B. v. Hook, 648 So.2d 305 (Fla. 2d DCA 1995). The similarity of issues appears to have been with the still-pending motion to amend the amount of the judgment rather than the default judgment. In this court, Bay Financial argues not that defendants’ claim concerning the amount of the judgment was barred by res judicata, based on the refusal to set aside the default, but merely that by failing to amend the motion to amend or reduce within ten days, defendants had "abandoned" the Orange County case.

.See n. 2.

. JFK Medical Center, Inc. v. Price, 647 So.2d 833 (Fla. 1994); Capital Bank v. Needle, 596 So.2d 1134 (Fla. 4th DCA 1992); Makar v. Investors' Real Estate Mgt. Inc., 553 So.2d 298 (Fla. 1st DCA 1989); Liachoff v. Marien, 376 So.2d 468 (Fla. 4th DCA 1979), cert, denied, 386 So.2d 639 (Fla. 1980); Miami Super Cold Co. v. Giffin In-dust., Inc., 178 So.2d 604 (Fla. 3d DCA 1965); City of Boca Raton v. Sharp, 107 So.2d 271 (Fla. 2d DCA 1958); Mabson v. Christ, 104 Fla. 606, 140 So. 671 (1932).