## HILTON v. OTOE CO. NAT. BANK and others.

*(Circuit Court, D. Nebraska. January 26, 1886.)*

1. UNEXECUTED MORTGAGE—FORECLOSURE—PERSONAL JUDGMENT.
    In the absence of express prohibition, there is no reason why a personal judgment may not be rendered against a debtor in an action in which a mortgage not executed by the debtor is foreclosed.
2. EXECUTION SALE—CONFIRMATION—ACTION TO CANCEL DEEDS AFTER SUBSEQUENT CONVEYANCES.
    As confirmation is a final order, and conclusive upon the regularity of the proceedings in respect to the sale, and as the court had in the case at bar unquestioned jurisdiction of the person as well as the subject-matter, *quære* whether, if the proceedings were erroneous, the validity of the judgment, sale, and deed could be questioned in a collateral action to cancel subsequent deeds.

In Equity.

*J. S. Gregory*, for complainant.

*Harwood & Ames*, for defendant.

BREWER, J. On the first day of April, 1869, complainant was indebted to defendants on a promissory note dated October 14, 1868, for $650, and an acceptance dated November 27, 1868, for $531.07. On that day he transferred to the bank as collateral security a note and mortgage for $1,500 executed by Augusta Hilton to himself. On March 8, 1870, these debts being unpaid, the bank brought suit. In the petition, the note and acceptance of complainant, and the note and mortgage of Augusta Hilton, were all set forth, and an assignment of the latter alleged. On April 27, 1871, complainant appeared in open court, and admitted his indebtedness. A personal judgment was rendered against him for over $1,400, and a decree of foreclosure of the collateral mortgage. On June 13, 1872, an order of sale was issued, and the property described in the mortgage advertised for sale on October 26, 1872. On October 25th, in a suit brought by children of said complainant, a temporary injunction was granted restraining the sale. The order of sale was thereupon returned unexecuted. No relief was asked in the petition filed by the children as respects the personal judgment against complainant;

all that was sought was to restrain the sale of the mortgaged property. An answer was filed in this injunction suit by the bank, but no trial was ever had, and on the first day of November, 1873, the bank, by its attorney, consented that the injunction be made perpetual. On March 27, 1873, an execution was issued on the personal judgment against complainant, and levied on the land in controversy. Sale took place on May 17, 1873, and the bank purchased the land for $924. On November 6, 1873, the sale was confirmed. No exceptions were taken to this confirmation, and the order thereof was never set aside. Subsequently the bank sold and conveyed the land, and its grantee also sold and conveyed to different parties. The complainant now files this bill, alleging that he is still the owner of the land, and praying to have these various deeds canceled as clouds upon his title.

He bases his action on two grounds: *First.* He alleges that the judgment was paid before the issue of execution. There is not a syllable of testimony to sustain this allegation. He never paid a dollar to the bank; and his testimony, that he is informed and believes that his son-in-law did, of course amounts to nothing. *Second.* He claims that, because in the original action a decree of foreclosure of a mortgage was sought and obtained, no execution could issue until after sale of the mortgaged premises, and then only for the deficiency for which personal judgment should be entered. Counsel cites section 847 of the Nebraska Code as authority for this, and says that no personal judgment was entered. He is mistaken as to the fact, and his law is inapplicable. The record shows that a personal judgment was rendered against complainant on his note and acceptance. Again, the mortgagor was not the principal debtor. The mortgage was not given to secure complainant's debt to the bank, but Augusta Hilton's debt to him. So, in the petition, two distinct causes of action against two different parties were presented: one a cause of action against him on his personal indebtedness to the bank in which the mortgagor was not interested, and the other against a mortgagor to foreclose a mortgage on property in which he had no title. Both causes passed into judgment and decree. So this case does not fall within the section above cited, or the case of *Clapp* v. *Maxwell,* 13 Neb. 542; S. C. 14 N. W. Rep. 653. In that case it was decided that a leading principle of title 27 of the Code, in which said section 847 is found, is "that, ordinarily, a mortgagor shall not be answerable for a secured debt upon the mortgage, and personally at the same time, and that one of these remedies having been selected, it must be exhausted before the other can be resorted to, unless first specially authorized by the court." Of course, that principle has no application here. There was no attempt to hold the mortgagor personally liable. In the absence of express prohibition I know of no reason why a personal judgment may not be rendered against a debtor in an action in which a mortgage not executed by the debtor is fore-

closed. Further, as confirmation is a final order, and conclusive upon the regularity of the proceedings in respect to the sale, (*Berkley* v. *Lamb*, 8 Neb. 398; S. C. 1 N. W. Rep. 320; *Taylor* v. *Courtnay*, 15 Neb. 199; S. C. 16 N. W. Rep. 842,) and as the court had unquestioned jurisdiction of the person as well as the subject-matter, it may well be doubted whether, if the proceedings were erroneous, the validity of the judgment, sale, and deed could be questioned in this collateral manner.

The bill will be dismissed at the costs of the complainant.