Plaintiff in error, as plaintiff below, brought suit against defendant in error, as indorser of a promissory note.
The defendant's pleas state in substance that J. A. Williams, N.M. Letts and Virginia Letts, on January 29, 1925, made and delivered to the defendant bank their promissory note in the sum of $30,000.00 payable on or before three years from date and at the same time executed and delivered their real estate mortgage securing said note; that on September 1, 1926, the note and mortgage were indorsed and assigned to plaintiff; that foreclosure was duly brought against the makers, to which the defendant bank was not made a party; that at the master's sale, plaintiff bid in the property for $20,000.00 and thereafter obtained a deficiency decree against one of the makers, N.M. Letts, for $12,424.62, the balance due after applying the proceeds of the sale. Defendant alleges that by reason of the above facts it was released and discharged from all liability on said promissory note as indorser thereof or otherwise; and that plaintiff having asked for and obtained a deficiency decree in said foreclosure suit, is barred from maintaining a suit at law against this defendant for the amount of said deficiency.
The plaintiff filed a demurrer to the defendant's pleas jointly and severally which demurrer was overruled by the trial court, and the plaintiff declining to plead further, final judgment was entered dismissing the action, to which final judgment the plaintiff took writ of error and the case is here for review.
Defendant contends that it should have been made a party to the foreclosure suit, if plaintiff intended to sue defendant as an indorser for any deficiency or any balance found due after foreclosure sale, especially where a deficiency was prayed for and actually entered. *Page 1091 
Prior to the adoption of Equity Rule 89, in 1873, there was no authority in this State for entering deficiency decrees. The remedy was by suit at law for balance due. Under said rule and until the adoption of Chapter 7839, Laws of Florida, 1919, such entry was within the discretion of the chancellor. It had been held that there was no authority under said rule to enter a deficiency decree against an indorser of a note; and it appears to have been one of the purposes of said Chapter 7839 to extend the law to authorize the entry of a deficiency decree against endorsers or guarantors of any note secured by a mortgage at foreclosure. Fagan v. Robbins, 96 Fla. 91, 117 So. R. 863; Realty Mortgage Co. v. Moore, 80 Fla. 2, 85 So. R. 155.
Said Chapter 7839 was specifically repealed by Chapter 12325, Laws of Florida, 1927; and by Chapter 11993, Laws of Florida, the discretionary power of a chancellor to refuse to enter deficiency decrees was reinstated substantially as it was under Chancery Rule 89; in fact that power had never been removed even by said Chapter 7839. Fagan v. Robbins, supra; Chase v. Sullivan, 99 Fla. 202, 126 So. R. 359. The added clause in said Chapter 11993, that "the complainant shall have the right to sue at common law to recover such deficiency," as stated in the case of Voorhis v. Crutcher, 98 Fla. 259, 123 So. R. 742, "is at best only a restatement of the common law and the law obtaining in this State prior to that enactment."
A deficiency against an indorser not being now authorized under Chapter 11993, Acts of 1927, nor Chancery Rule 89, the remedy at law remains against such indorser for balance due after applying the proceeds of foreclosure sale. Webber v. Blanc, 39 Fla. 224, 22 So. R. 655; Snell v. Richardson, 67 Fla. 386, 65 So. R. 592; 3 Jones on Mortgages, (8th Ed.) Sec. 2209. *Page 1092 
It was stated in the above case of Voorhis v. Cruther, that said Chapter 11993 does not authorize a suit at common law to recover upon the "findings of a chancellor as to the balance due upon a debt" after applying the proceeds of a foreclosure sale. It was also stated that (text 261):
 "The findings of the chancellor might be admissible in evidence to prove the amount of the deficiency after crediting the proceeds of the mortgage foreclosure on the debt. But the right of action is not on such findings, but is on the original obligation, whether it be a note or bond, for the balance remaining unpaid after crediting the proceeds of the foreclosure sale."
In other words, the suit should be on the note for any balance due and not on the "findings of the chancellor."
Up to this time, this Court has not had occasion to determine whether the above rule would apply to an indorser where the chancellor "has entered" a deficiency decree against the maker of the note and mortgage. It is obvious that if no deficiency decree could be legally entered against the defendant bank as indorser, the bank would not be a necessary, nor proper, party defendant to the foreclosure suit. This principle is substantiated by the fact that under our statutes the makers and indorsers in the regular course after delivery cannot be sued in the same action at law. Section 6819, Comp. Gen. Laws of Florida, 1927; Prosser v. Orlando Bank Trust Co., 93 Fla. 177, 111 So. R. 516. The indorser, therefore, can be sued separately at law, if procuring a deficiency decree for the balance due against the maker was not a waiver of plaintiff's right to sue indorser.
In the case of Webber v. Blanc, supra, it was held that there is no legal obstacle in the way of the holder of a note *Page 1093 
and mortgage suing at law for the balance due on the note after the sale under the foreclosure decree in equity, "if no judgment for the deficiency was entered in such proceedings." Also in the case of E. J. Sparks Enterprises v. Christman,95 Fla. 928, 117 So. R. 388, it is said that:
 "Where there is a promissory note and a mortgage given to secure the payment of the note the payee or holder of the note has the right to discard the mortgage and resort to an action at law on the note, unless it should be otherwise provided in the note or mortgage."
In the case of Voorhis v. Crutcher, supra, this Court said:
 " 'While a deficiency decree may be rendered in the foreclosure suit in equity, still, if none is asked for, and none is entered, the remedy at law for the balance remains, and resort to it may be had'."
The rule seems to be general that an action at law may be brought for the balance due on a note after applying the proceeds of a foreclosure sale to the debt; but it does not appear that a holder may have a deficiency decree for the balance due and also institute a suit at law against the "same party" for the same purpose. There is no reason for authorizing deficiency decrees against anyone, except for the purpose of providing a judgment for the balance due without the expense and inconvenience of an additional suit at law.
In the case of Etter v. State Bank, 76 Fla. 203, 211, 79 So. R. 724, it is said that:
 "The rule providing for the entry of deficiency judgments in a suit in equity to foreclose a mortgage *Page 1094 
rests upon the general rule that where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transactions or the same subject-matter. Thus the parties are relieved from the expense and vexation of two suits, one equitable and the other legal."
If no deficiency judgment is entered in foreclosure sale, it is clear that a suit at law for any amount still due is available to the holder. We fail to find where the courts have ever authorized both against the same party defendant in foreclosure and at law.
It is argued that a suit at law on the promissory note to recover a deficiency should not be maintained against an indorser or other person secondarily liable who could not legally be made a party defendant in such foreclosure.
Except for the purpose of obtaining a personal judgment against one who is merely an assignor or indorser of a promissory note secured by a mortgage, he could neither be a necessary nor proper party defendant in foreclosure; (3 Jones on Mortgages (8th ed.) Sec. 1823) however, such assignor or indorser should not be concluded by the amount for which the property is sold under a decree of foreclosure to which he was not made a party. Etter v. State Bank, supra. There is well-reasoned authority to the effect that in suits to foreclose, an indorser is a proper party for the reason that he is interested in the account to be taken of the amount due, the payment of which he has guaranteed as indorser; also he is interested in whether the foreclosure sale is carefully and properly conducted so that the land shall be sold for as much as possible in order that his own liability may be minimized or averted. Titus v. Woods, 45 Cal.App. 541, 188 Pac. R. 68. See also Anderson v. Harrison, 73 Fla. 1044, 75 So. R. 534; 42 C. J. 42, Sec. 1555. *Page 1095 
The note sued upon is indorsed:
"To.
 F. S. Younghusband Fort Pierce Bank Trust Co.
By H. A. Hubbard,
Cashier."
While this is a "special indorsement" under Section 6794, Comp. Gen. Laws of Florida, 1927, it in no way affects the liability of defendant on the note as an indorser to Younghusband. Fegley v. Jennings, 44 Fla. 203, 32 So. R. 873, 103 A. S. R. 142.
Defendant also contends that it had no legal notice that makers had dishonored the note. Where a note which is indorsed after delivery and before maturity for purpose of transfer and sale, contains a waiver embodied in the instrument itself, such waiver is binding upon all parties to the instrument. Williams v. Peninsular Groc. Co., 73 Fla. 937, 75 So. R. 517; Sec. 6866, Comp. Gen. Laws of Florida, 1927. The doctrine also prevails that the mortgage debt is the essential fact and the mortgage itself a mere incident of it. Scott v. Taylor, 63 Fla. 612, 58 So. R. 30; Voorhis v. Cruther, supra.
Under the statutes and decisions of this State, where notice is waived in the body of a promissory note secured by a mortgage, one, who after delivery and before maturity, indorses such note, may be sued in an independent action at law for any deficiency or balance due thereon, even without notice of dishonor, as the rights of all parties are governed by the rules relating to negotiable paper. Even though such indorser was not made a party to the foreclosure and no notice thereof was given him, under our decisions, he is subject to such suit at law, and the entry of a deficiency decree against one of the makers of the note and mortgage for such balance found to be due, does not change the rule. *Page 1096 
The third plea of defendant alleges that after the commencement of the foreclosure suit, the complainant through his attorney agreed with defendant N.M. Letts, one of the makers of the note and mortgage that if said Letts would not contest said foreclosure suit complainant would not enter any deficiency decree against N.M. Letts, nor bring any suit at law against him; and that by reason of such agreement for release and discharge of one of the makers of the note and mortgage, the defendant bank is discharged of any and all liability as indorser of said note.
Whether the solicitor for complainant in the foreclosure had the authority to agree not to enter a deficiency decree against N.M. Letts, or not, the record shows that one was in fact entered against him. In any event, to be effective under our statute, such a discharge would either have to be evidenced in writing or the note actually delivered to the person primarily liable thereon. See Sec. 6874, Compiled General Laws of Florida, 1927.
As to the issues raised by the fourth plea, it was held in the case of Etter v. State Bank, supra, that:
 "As between the parties to the suit, the sum for which the mortgaged premises were sold must, so long as the sale stands, be taken as the conclusive test of their value." Jacksonville Loan Ins. Co. v. National Merc. Realty Imp. Co., 77 Fla. 825, 82 So. R. 292.
It is our view that the amount for which the property sold may not be binding upon an indorser who was not a party to the suit any more than a decree confirming a sale may irrevocably fix the reasonable value of the land sold as against a defendant without notice (Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. R. 995) and such findings as to the deficiency may be admissible in evidence in proof of the balance due. *Page 1097 
It appears therefore that the trial court committed error in overruling the demurrer to defendant's pleas to the declaration.
Reversed.