T. O. Reves and Susie Reves, his wife, Rollen R. Martin, Fort Pierce Bank & Trust Company, and Heim-Martin Investment Corporation, *Appellants,* vs. F. S. Younghusband, *Appellee.*

Division A.

Opinion filed April 13, 1931.

*F. L. Hemmings, G. R. Nottingham, Burr S. Stottle, E. K. Sumner* and *Angus Sumner*, for Appellants;

*Alto Adams*, for Appellee.

BUFORD, C.J.—This was a suit by Younghusband to foreclose a mortgage made by Rollen R. Martin to Fort Pierce Bank & Trust Company to secure the payment of three promissory notes for the sum of $5,000.00 each with interest at 8% and including a stipulation to pay attorney's fee in event of suit for collection of the notes, which mortgage was assigned to the complainant by Fort Pierce Bank & Trust Company and which notes were endorsed to the complainant by Fort Pierce Bank & Trust Company. Why other parties defendant were named is immaterial here.

Final decree was in favor of the complainant and required Fort Pierce Bank & Trust Company and Martin to pay to the complainant the amount found to be due, together with $1,000.00 as attorney's fees. After sale of the property there was a deficiency decree entered for $9,900.65. The appeal is from the final decree and from the decree confirming the sale and entering a deficiency against Fort Pierce Bank & Trust Company and Martin.

There was no reversible error in the final decree, except as to that part of the decree which required the payment of $1,000.00 as attorney's fees. The allegations of the bill of complaint were sufficient to constitute basis for evidence touching the attorney's fees, but there was no evidence showing what, if any, fee the complainant had obligated to pay or what the contract was between the complainant and the attorney as to attorney's fees. Therefore, decree for attorney's fees were improperly entered.

The deficiency decree is erroneous because it includes

the sum of $1,000.00 allowed for attorney's fee. Otherwise the deficiency decree is without reversible error as to the defendant Rollen R. Martin.

The authority to enter deficiency decrees in foreclosure suits, or in any other class of suits, is controlled either by statute or by rule of court.

At the time the mortgage here under consideration was executed and at the time it was assigned to the complainant the provisions of chapter 7839 Laws of 1919 were in force and the complainant contends that because of this fact the court was authorized to enter a deficiency decree against the endorser. This position is not tenable. The authorization of the entry of a deficiency decree, or the lack of authorization to enter a deficiency decree, does not effect the liability under the contract. The endorser is liable to the holder in due course for the amount of the obligation and it is immaterial, so far as the liability on the obligation is concerned, whether such liability may be enforced in a court of chancery or in a court of law. The procedure necessary to the enforcement of the liability does not touch the existence or the binding effect of the liability. Chapter 12325, Acts of 1927, repealed chapter 7839 Acts of 1919 and thereby abolished the authority of courts of chancery to enter deficiency decrees against endorsers. This repealing Act, however, had no effect upon the obligation under the contract here sued on. That contract remained binding upon the endorser to pay the amount of the endorsement and if, as it has occurred in this case, the mortgage security is inadequate to pay the full amount of the obligation, the complainant may proceed in an action at law to procure judgment against the endorser for the balance while taking a deficiency decree in a foreclosure suit against the original maker for such

balance. The payment of the amount of the deficiency decree or the payment of the judgment at law for such deficiency would satisfy both the decree and the judgment.

For the reasons stated, the decree should be reversed with directions that the chancellor enter a decree as of the date of the original decree in conformity with the views expressed in this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.