DELBECK INVESTMENT COMPANY, a corporation created and existing under the laws of Florida, and AMBROSE F. BECKER, *Appellants*, vs. MARTIN RAFF, *Appellee*.

136 So. 683.

Division B.

Opinion filed September 19, 1931.

944

*Dunbar H. Johnson, Jr.*, of Miami, for Appellants;
*John J. Lindsey*, of Miami, for Appellee.

DAVIS, J.—The appellee, Martin Raff, filed his bill of complaint in the Circuit Court of Dade County, Florida, in chancery, seeking the foreclosure of a certain mortgage alleged to have been executed by the appellant, Delbeck Investment Company on September 1, 1929. The bill of complaint alleged that the appellant, Ambrose F. Becker had endorsed the mortgage note prior to its execution and delivery and as an inducement to complainant for the lending of the moneys represented by the note and thereby became secondarily liable for the payment thereof.

In the prayer for relief the appellee prayed for a deficiency decree against both the mortgagor, Delbeck Investment Company, and Ambrose F. Becker, the endorser.

Both defendants filed general demurrers to the bill. The demurrer of Becker attacked the bill of complaint on the ground that he as an endorser of the mortgage was not a proper party defendant and that no deficiency decree could be entered against him by reason of his being such endorser. From the allegations of the bill it was apparent that the only reason appellant Ambrose F. Becker was joined as a party to the suit was to obtain a deficiency decree against him because he was an endorser on the mortgage note. The demurrer filed by the appellant Becker therefore presents the question: "Can the endorser, at or before the execution and delivery of a promissory note secured by a mortgage, and the maker of such note be joined in the same action in equity brought for the foreclosure of the mortgage, and in such foreclosure suit a deficiency decree be obtained against the

maker and endorser specifying in such decree which is primarily and which is secondarily liable as provided by Section 6819, Comp. Gen. Laws?''

The demurrers were overruled and each of the defendants allowed time within which to plead or answer to complainant's bill of complaint. Pursuant to this permission both defendants filed answers to the bill. Each of these answers was signed by the solicitor of record for the appellants, but was not signed by either defendant. In consequence of the fact that the answers were signed only by the solicitor and not by the defendants, the court struck the answers from the files on motion of the appellant and made an order for entry of a decree pro confesso against both appellants for failure to plead or answer to the bill as required.

This appeal is from the order of the court overruling the general demurrer of the Appellant Ambrose F. Becker and from the separate order striking the answer of each of the defendants and entering decrees pro confesso against them.

Both appellants contend that it is no longer required in the State of Florida that a defendant's answer in a chancery suit be signed by the defendant where it is properly signed by the solicitor for such defendant. This contention is grounded upon Section 4919, C. G. L., 1927, and the construction placed upon that statute in the cases of Kahn vs. Weinlander, 39 Fla. 210, 22 So. 653; Farrell v. Forest Investment Co., 73 Fla. 191, 74 So. 216; Rorick vs. Stilwell, 101 Fla. 4, 133 So. 609. In each of the foregoing cases it was held that the purpose of the statute referred to was to make the rules of practice adopted by the Supreme Court of the United States in the equity courts of the United States applicable in chancery causes in the courts of this State where provision was not made on the subject by the Act, and that it makes no difference whether the rules provided for were adopted before or

after the passage of the Act provided there is no statutory provision covering the subject.

Accordingly, it is contended that when the Supreme Court of the United States, on November 4, 1912, promulgated the new Federal Equity Rules, that it thereafter became no longer necessary that the defendant sign his answers or verify it by his oath or by the oath of anyone in his behalf. The particular new Federal Equity Rule which is alleged to bring about this result is Rule 24, which provides as follows:

"Every bill or other pleading shall be signed individually by one or more solicitors of record, and such signatures shall be considered as a certificate by each solicitor that he has read the pleading so signed by him; that upon the instructions laid before him regarding the case there is good ground for the same; that no scandalous matter is inserted in the pleading; and that it is not interposed for delay."

Section 4919 C. G. L., 3132 R. G. S., reads as follows:

"In the absence of provisions of the law or rules of practice of this State, the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof, under the act of Congress of the eighth of May, 1792, shall be rules for the practice of the courts of this State when exercising equity jurisdiction; and when the rules of practice so directed by the Supreme Court do not apply, the practice of the courts shall be regulated by the practice of the high court of chancery of England."

As will be observed by reference to the statute, it makes a distinction between the "practice" of the courts of chancery and the "rules of practice" prescribed to govern the practice of courts of chancery.

By the immemorial practice of the English chancery court and by the usage of all courts of equity in the United States, where unchanged by rule or statute, an answer to a bill of complaint must be signed by the defendant or defendants putting it in, unless an order of court has been obtained dispensing with signature. It

was also required that such answer be verified by the oath of the defendant as well. 10 R. C. L. pages 447, 448; Fletcher's Eq. Plead. & Prac. page 307, par. 331.

Under the statute to which we have made reference the *practice* of the courts of chancery in Florida is to be regulated by the *practice* of the high court of chancery of England where there does not exist a contrary "rule" adopted by this court or by the Supreme Court of the United States. Our own rules refer to demurrers, pleas and answers as means of defense in equity suits. By such reference is obviously intended demurrers, pleas and answers as the same were referred to and understood to be pleadings under the established chancery practice which is followed in this State.

Rule 24 of the new Federal Equity Rules adopted November 4, 1912, is a part of the new Federal Equity plan which abolished demurrers, pleas and answers as such and substituted a new form of pleading to be used in lieu 'thereof. So Federal Equity Rule 24 must therefore be construed as being *in pari materia* with the other Federal Equity rules and as consonant with the new policy of the Federal Equity courts to establish a new system of equity pleading and practice in so far as demurrers, pleas and 'answers are concerned, and therefore such new Federal Equity rule does not apply to an answer in chancery such as is referred to and provided for by our own chancery rules. This follows because when our own rules make reference to an "answer" in chancery they must be construed as making reference to the kind of answer which was established and used according to the immemorial usage of chancery courts, and therefore our own rules contemplate that such answer shall be signed and verified according to the established usage, unless the signature and verification have been specifically abolished by rule or statute or dispensed with by order of court.

That an answer of a defendant in an equity suit must

be personally signed by such defendant under the practice of courts of chancery as administered in this State may be regarded as settled by the following cases: State v. Florida Central R. R. Co., 15 Fla. 609; Ballard v. Kennedy, 34 Fla. 483, 16 So. 327; King v. Bell, 54 Fla. 568, 45 So. 488; City of Ocala vs. Anderson, 58 Fla. 415, 50 South 572; Strickland v. Jewel, 80 Fla. 221, 85 So. 670; Kreiss Potassium Phosphate Co. vs. Knight, 98 Fla. 1004 124 So. 751.

Since new Federal Equity Rule 24 requiring the signature of counsel only to ''every bill or other pleading'' has reference to forms of pleading which have never been incorporated into our Florida practice, we must hold that while Section 4919 C. G. L., *supra*, is ambulatory with regard to rules of practice adopted by the Supreme Court of the United States where the same can be applied and followed in harmony with our own system, the effect of such statute is not to make applicable to answers in Florida· practice the rule of the Federal Courts dispensing with signatures and verification to answers in chancery proceedings. Under Section 4923 C. G. L., 3136 R. G. S., which was enacted in 1917 to meet the ruling in Farrell v. Forest Investment Co., *supra*, verification of answers is now expressly permitted to be waived by the complainant in his bill.

It was, therefore, not error for the court below to strike the answers and order a decree pro confesso entered against the defendants who were in default because the answers were not properly signed. See Ballard v. Kennedy, *supra*. This holding, of course, is not necessarily to the new Florida Chancery Practice Act of 1931, Chapter 14658, by which a different rule may be held to have been created.

The appellant Ambrose F. Becker contends that there is no authority, statutory or otherwise, in this State according to a court of equity jurisdiction to entertain

suits against an endorser upon a mortgage note being foreclosed against the maker and certainly none authorizing the court to enter a deficiency decree against such endorser. As authority to the contrary the appellee relies upon provisions of Section 6819, C. G. L., 4733 R. G. S., which provides as follows:

> "The maker or makers of promissory notes or other negotiable instruments, and all other persons who at or before the execution and delivery thereof, endorsed, guaranteed, or became surety for the payment thereof, or otherwise secondarily liable for the payment of the same, may be sued in one and the same action."

The bill of complaint in this case alleges that the appellant Becker was a person who at or before the execution and delivery of the mortgage note endorsed or became surety for the payment thereof. This allegation is sufficient to bring the case within the letter of Section 6819 *supra,* if it be held that said Section has any application to a foreclosure suit such as is here involved. The statute in question permits the maker and endorser at or before delivery to be sued in "one and the same action". Suits in equity are not usually referred to as "actions" in the sense that the word is used in the foregoing statute. It is therefore our conclusion that Section 6819, *supra,* is applicable only to suits at common law and does not apply to cases in equity brought for the foreclosure of mortgages.

Chapter 7839, Acts of 1919, authorized making all persons parties to foreclosure suits who had any interest in the mortgage or lien or the property mortgaged or upon which the lien existed or who had assumed the obligation to pay the mortgage debt or lien whether as endorser, guarantor or otherwise. This statute was repealed by Chapted 12325, Acts of 1927, and was no longer in force and effect upon the statute books of the State of Florida when the present suit was instituted. The entry of deficiency decrees in foreclosure cases is a matter controlled

entirely by rule or statute. See Etter v. State Bank of Florida, 76 Fla. 203, 79 So. 724.

In Younghusband v. Ft. Pierce Bank & Trust Co., 100 Fla. 1088, 130 So. 725, it was held that no authority is conferred under the existing statutes relating to deficiency decrees to enter a deficiency decree against an endorser of a note in a foreclosure proceeding. This ruling is applicable whether the party endorsed the note at or before the delivery thereof or subsequent thereto. It was also held in that case that the endorser of a mortgage note was not a necessary or proper party defendant in a foreclosure suit brought to foreclose a mortgage. It therefore appears in this case that Ambrose F. Becker, one of the appellants, was improperly joined as a party defendant in the court below and that his demurrer to the bill of complaint raising the objection should have been sustained and the bill dismissed as to him.

The order overruling the demurrer of Ambrose F. Becker is reversed and the cause remanded with directions to sustain the demurrer and dismiss the bill as to him. The order striking the answer of Delbeck Investment Company and entering a decree pro confesso against it for failure to plead or answer within the time allowed by the court is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.