HENRY CORNMAN v. R. L. WILDER, *et ux.,* and WRIGHT WARLOW & Co., *et al.*

151 So. 419.
Division A.
Opinion Filed December 6, 1933.

*Jones & Jones,* for Appellant;
*Massey, Warlow, Carpenter & Fishback,* for Appellees.

ELLIS, J.—This is an appeal from an order vacating and setting aside the confirmation decree of a master's sale in a foreclosure proceeding in so far as the decree grants any recovery against the petitioner Wright, Warlow & Company.

The bill for the enforcement of the mortgage lien by its allegations shows that R. L. Wilder owed Wright, Warlow

& Company, a corporation, a sum of money evidenced by a promissory note and that to secure the payment of the debt Wilder and his wife executed and delivered to the corporation a mortgage upon a certain parcel of land lying in Orange County; that about a month after the execution of the note and mortgage the Corporation transferred, assigned and set over by an instrument to Henry Cornman the note and mortgage executed by Wilder and wife; that the Wilders failed to pay the interest upon the note and the holder under an acceleration clause in the mortgage elected to bring the foreclosure proceeding to enforce the payment of the debt and expenses. A deficiency decree was prayed for against the corporation, George Roland and wife, Security Investment Company, and Ida S. White, who were made parties defendant.

The case proceeded to a final decree on *pro confesso* orders against Wilder and wife, Security Mortgage Investment Company, Wright, Warlow & Company, a corporation, and answer of disclaimer by Ida S. White and evidence for complainant. No appearance nor answer appears to have been made by Roland and wife and no decree *pro confesso* taken against them. A sale of the property was made. The master duly reported it and the chancellor confirmed it by order dated August 26, 1931, in which a deficiency judgment for the sum of $2,895.85 was entered against Wilder and Wright, Warlow & Company, a corporation. Julge J. C. B. Koonce of the Sixteenth Circuit acting *pro hac vice* for the Judge of the Seventeenth Circuit who at that time was absent from the Circuit.

A month later Wright, Warlow & Company presented a motion for a rehearing and cancellation and modification of the decree *pro confesso,* final decree and deficiency decree in so far as the same grant relief or adjudge any recovery

from the defendant. The ground of the motion is that when the final decree and subsequent decrees were entered the defendant had on file in the cause a general demurrer to the bill of complaint which had not been disposed of by the court and the bill of complaint shows that the complainant is not entitled to recover any sum from the movant whatsoever.

A demurrer was interposed to the bill by Wright, Warlow & Company on November 4, 1929. It was signed and certified to by Massey, Warlow, Carpenter & Fishback, solicitors for Wright, Warlow & Company, and the oath that the demurrer was interposed in good faith and not made for the purpose of delay was made by Mr. Fishback stating that he was the agent for Wright, Warlow & Company.

In December following solicitors for the complainant moved the court for a decree *pro confesso* against Wright, Warlow & Company, a corporation. The grounds being that the answer by that corporation should have been filed November 4, 1929, but no plea or answer or demurrer was interposed on or before that date, but a demurrer on that date was interposed in behalf of Wright, Warlow & Company, but it is defective in that it lacks the necessary affidavit of the defendant either as a partnership or as a corporation; that the demurrer is not verified as the statute required as there is no statement of absence from the State of the defendant, which fact only authorizes verification by an agent; and that the demurrer is a nullity.

Judge Frank A. Smith of the Seventeenth Circuit heard the motion and granted the decree *pro confesso* and directed the clerk to enter the decree. The order was made December 30, 1930, and appears to have been filed and entered June 1, 1931. The final decree was entered June 11, 1931.

The report of the Master's sale was signed August 21,

1931, and the decree confirming the same made August 26, 1931.

Both the Master's report of sale and the order confirming it were not filed, according to the transcript, until nearly a month after they were made, so that the motion to vacate the decree *pro confesso* was made within five days after it was filed and entered.

The deficiency decree against Wright, Warlow & Company was unauthorized and void because there was no basis in the pleading or evidence for such a decree. The bill alleges that Wright, Warlow & Company assigned and transferred and set over to complainant the mortgage and in the same "indenture" assigned and set over to complainant the said note. The Exhibit "A" attached to the bill shows an endorsement of the note by Wright, Warlow & Company as follows: "Pay to the order of _____ without recourse."

No deficiency decree in the above circumstance may be entered against the indorser or assignor of a note secured by mortgage in a suit to enforce the mortgage. See Snell v. Richardson, 67 Fla. 386 (text 395), 65 South. Rep. 592; Fagan, Jr., v. Robbins, 96 Fla. 91, 117 South. Rep. 863; Younghusband v. Ft. Pierce Bank & Trust Co., 100 Fla. 1088, 130 South. Rep. 725; Chapter 12325, Acts 1927; Reves v. Younghusband, 101 Fla. 165, 133 South. Rep. 618.

The court had no jurisdiction to enter the deficiency judgment against Wright, Warlow & Company as indorsers of the note; therefore, the entry of such a decree was a nullity and could be therefore stricken from the record at any time and may be collaterally assailed. See Malone v. Meres, 91 Fla. 709, 109 South. Rep. 677.

The order of the court, however, should have been confined to the elimination from the confirmation decree of de-

fendant Wright, Warlow & Company in so far as it provided for a deficiency decree against that defendant. The wording of the order bears that construction.

It is ordered that the order of the Chancellor from which the appeal was taken be affirmed but that the confirmation decree in all other respects shall stand undisturbed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.