## PARKER BROS. v. FAGAN.
### No. 7112.

Circuit Court of Appeals, Fifth Circuit.
Jan. 31, 1934.

K. I. McKay, R. W. Withers, and Maynard Ramsey, all of Tampa, Fla., and R. E. Brown, of Arcadia, Fla., for appellant.

Donald C. McMullen, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The receiver of First National Bank of Arcadia brought suit at law in the District Court against Parker Bros. on a money decree which the bank had obtained some years previously for a deficiency in the foreclosure of a mortgage in a Circuit Court of Florida. The defense pleaded was that the decree, so far as it adjudged Parker Bros. to pay money, was wholly void. This plea was stricken on demurrer and judgment given for the receiver, Parker Bros. appealing. The plea exhibits the proceedings in equity from which it appears that one Maner executed notes payable to the order of Parker Bros. and secured them by a mortgage on land, that Parker Bros. indorsed the notes and assigned the mortgage to the bank; on default the bank filed its bill against both Maner and Parker Bros., alleged the making and assignment of the mortgage, and separately alleged the making and indorsement of the notes and exhibited both mortgage and notes; besides default on the mortgage refusals to pay the money both by Maner and Parker Bros. were set forth, and the bill asserted that it was brought to foreclose the mortgage and to collect the notes; alleging that it was without remedy save in equity, the bank, having admitted some credits, prayed an accounting between it and Maner and Parker Bros. of the money due by them both, and a decree for the amount with a lien on the mortgaged land and a foreclosure and sale and application of the proceeds; and if insufficient to pay the amount due "your orators pray that they may have a deficiency decree against J. O. Maner and Parker Brothers, a corporation, as aforesaid for the balance that may remain due them after the deductions aforesaid." Maner and Parker Bros. were personally served, neither answered, decrees pro confesso were entered; the court then heard evidence which included the notes with their indorsements and certain credits, adjudged that it had jurisdiction and that Maner and Parker Bros. pay the complainant a certain sum within three days, and if not paid that the mortgaged lands be sold. They were sold and the proceeds reported and credited, and on March 15, 1928, a decree was rendered fixing the deficiency and adjudging its recovery by execution against Maner and Parker Bros. The contention of Parker Bros. is that the court was without jurisdiction to enter a deficiency decree against an indorser on the mortgage debt; that of the receiver is that the decree was at most erroneous and irregular, but good against collateral attack and is res judicata.

The validity and conclusiveness of a Florida decree must be tested by Florida law; it can be given no greater force in a federal court than it ought to have in the courts of the state by whose authority it was rendered. Roche v. McDonald, 275 U. S. 449, 48 S. Ct. 142, 72 L. Ed. 365, 53 A. L. R. 1141; Union & Planters' Bank v. Memphis, 189 U. S. 72, 23 S. Ct. 604, 47 L. Ed. 712. By article 5, § 11, of the Constitution of Florida, the circuit courts are given exclusive original jurisdiction in all cases in equity and in all cases at law not cognizable by inferior courts. They are courts of general jurisdiction at law and in equity, and of them in Malone v. Meres, 91 Fla. 709, 109 So. 677, it is said quoting the syllabus: "A judgment that is absolutely null and void, mere brutum fulmen, can be set aside and stricken from the record on motion at any time, and may be collaterally assailed, but a judgment that is voidable only because irregular or erroneous must be moved against in time by motion to vacate, or by resort to

an appellate tribunal; otherwise, it becomes an absolute verity, and passes beyond the control of the courts to disturb. If the court has acquired jurisdiction of the subject-matter and of the parties, the judgment or decree entered is binding, even though erroneous because of irregularity of procedure; and such judgment or decree will not be set aside, reversed, or modified, except by appropriate direct appellate procedure. Where a court has general jurisdiction of civil actions at law and also of all equity causes, and the subject-matter of a suit or action and the relief sought are within the jurisdiction of the court, whether it be a contract right in personal property or title to real estate or other civil matter, the question whether the relief sought should be by an action at law or by a suit in equity does not ordinarily involve the power of the court to determine the matter, but it is rather a matter of procedure, at least, where the right to a jury trial is not unlawfully denied. If a suit in equity is brought when an action at law is the proper remedy, and the defendant, if duly served or appears, does not duly challenge the plaintiff's right to proceed in equity or waives the right, and the court does not, sua sponte, raise the question and dismiss the cause and a final decree is rendered, whether upon a decree pro confesso or upon a contest made, such decree, if erroneous, is not necessarily void; and, after the time within which the complaining party might have secured a review by appeal, such party is not in general entitled to have the decree vacated upon motion on the ground that it is null and void." These principles appear to us to be incontrovertible and to control the case at bar. The court acquired personal jurisdiction over Parker Bros. The bill alleged everything necessary to show liability as an indorser on the notes, and gave explicit information that not only was the mortgage to be foreclosed, but that the exhibited notes were also proposed to be enforced against maker and indorser and a deficiency decree taken against both. The procedure followed was that appropriate in chancery, affording due process of law. As to jurisdiction of the subject-matter, undoubtedly the court on its equity side might foreclose a mortgage and might also, if the circumstances warranted it, take an account of an indebtedness subject to credits and make a money decree for the balance found. Perhaps the bill was multifarious in attempting at the same time to foreclose a mortgage and also to settle the liabilities of a maker and indorser of negotiable notes, and perhaps

no sufficient complication was shown to justify an account in equity which operates to deprive the parties of a jury trial at law. But these things involve irregularity and error in the exercise of jurisdiction, not a total want of judicial power over such subject-matters. Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co. (C. C. A.) 133 F. 267. "Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein. * * * Jurisdiction of a court of equity does not depend upon the sufficiency of the bill, and, if the court has jurisdiction of the parties and of the subject-matter, the fact that the cause of action is defectively stated does not oust the court of jurisdiction." Malone v. Meres, supra. The case cited itself concerned a deficiency decree as to which the court finally held: "Even if for any reason that portion of the final decree is erroneous, it is not void, a deficiency decree being authorized and within the power of the chancellor."

But it is insisted that while that may be true as to a deficiency decree against Maner, the mortgagor, it is not true of the decree against Parker Bros., liable on a separate contract as indorsers, who ought to be sued at law and in Florida separately from the maker of the notes. Such no doubt was their right in the absence of any complicated accounting; but though their right to a jury trial in a law suit is given by the state Constitution, they waived it by not making in limine the defense of adequate remedy at law. Malone v. Meres, supra, 91 Fla. 709, 109 So. 677 (4); Duignan v. United States, 274 U. S. 196, 47 S. Ct. 566, 71 L. Ed. 996; Brown, Bonnell & Co. v. Lake Superior Iron Co., 134 U. S. 530, 536, 10 S. Ct. 604, 33 L. Ed. 1021; Perego v. Dodge, 163 U. S. 160, 16 S. Ct. 971, 41 L. Ed. 113; Kilbourn v. Sunderland, 130 U. S. 505, 9 S. Ct. 594, 32 L. Ed. 1005. These decisions establish that the equity court is not without power in such a case, but that the case is merely without equity. We have been referred to no decision in which it was held that a decree in equity was void on collateral attack because of an unclaimed adequate remedy at law. Under principles universally observed, we see no escape for Parker Bros., duly summoned to an account upon their contract of indorsement, from the decree which they have suffered to go against them. The adjudication of a guaranty of a mortgage debt by de-

ficiency decree in the mortgage foreclosure is not without precedent. Hamer v. New York Railways Co., 244 U. S. 266, 37 S. Ct. 511, 61 L. Ed. 1125; Jones on Mortgages (8th Ed.) § 2209. And see Hilton v. Otoe County Nat. Bank (C. C.) 26 F. 202. Regularly such adjudication is attempted only when authorized by statute or rule of court, but, if the constitutional right of jury trial were effectual to prevent it, neither statute nor rule of court could help the jurisdiction. All proceedings by way of deficiency decree really rest on the principle that equity having obtained jurisdiction of the parties and subject-matter will grant full relief. Etter v. State Bank, 76 Fla. 210, 79 So. 724; Younghusband v. Fort Pierce Bank & Trust Co., 100 Fla. 1089, 130 So. 725.

In Webber v. Blanc, 39 Fla. 224, 22 So. 655, on a direct appeal from the decree it was held that the mingling of an in rem foreclosure with an in personam decree for the deficiency was in the absence of some special equity improper, following the decision in Orchard v. Hughes, 1 Wall. 74, 17 L. Ed. 560, in which the deficiency decree was held to be "erroneous." A rule of court was afterwards promulgated by each Supreme Court to remove the irregularity. In Snell v. Richardson, 67 Fla. 386, 65 So. 592, it was held on affidavit of illegality that the rule of court did not authorize the entry of a deficiency decree against an indorser but only against the mortgagor. In that case the bill did not pray specifically for the entry of a deficiency decree so that it did not clearly appear that the contract of indorsement was sued on. In 1919 (Laws Fla. 1919, c. 7839) an act was passed to permit a deficiency decree against all persons liable for the mortgage debt, whether primarily or secondarily, and this act was of force when the bill here in question was filed, but it was repealed before the decree was rendered. We hold that the repeal was not void, as is asserted, because impairing the obligation of the notes and mortgage here involved, for it affected only a remedy upon them and a sufficient remedy remained. The remedy upon the notes at law cannot be said to be inadequate or inferior to that in equity. Reves v. Younghusband, 101 Fla. 165, 133 So. 618; Tennessee ex rel. Bloomstein v. Sneed, 96 U. S. 69, 24 L. Ed. 610; South Carolina ex rel. Trenholm v. Gaillard, 101 U. S. 433, 25 L. Ed. 937. The filing by the bank of its bill before the act was repealed fixed no indefeasible right, so that the decree rendered after repeal can obtain no support from this statute. The case stands as one where neither rule of court nor statute authorizes a deficiency decree based on the contract of indorsement. There was irregularity and, if timely objection had been taken, there was error in adjudging in an equitable mortgage foreclosure the liability on a contract of indorsement. Delbeck Inv. Co. v. Raff, 102 Fla. 943, 136 So. 683; Younghusband v. Fort Pierce Bank & Trust Co., 100 Fla. 1088, 130 So. 725. But the decree is not void on collateral attack. The broad language used in Johnson v. McKinnon, 54 Fla. 221, 45 So. 23, 13 L. R. A. (N. S.) 874, 127 Am. St. Rep. 135, 14 Ann. Cas. 180, we do not regard as controlling. In that case the deficiency decree referred to had been reversed on direct appeal (45 Fla. 388, 34 So. 272), and the true ground of the decision was that last taken by the court, that a title acquired by the attorney for the plaintiff at a sheriff's sale made pending the appeal was nullified by the reversal. What was said about the invalidity otherwise of the deficiency decree cannot be applied to one from which no appeal was ever taken.

Since the preparation of the foregoing, our attention is called to the case of Cornman v. Wilder et al. (Fla.) 151 So. 419. It resembles the case at bar in that a deficiency decree was rendered against an indorser on a specific prayer for it and after a pro confesso order, but it differs widely from this otherwise. In that case the bill on its face showed that the indorsement was one without recourse and that the indorser was not liable on it at all; the indorser had filed a demurrer which was disregarded; the attack on the decree was a direct one made within five days from its entry, in the court that entered it, and resulted in its amendment. In this case liability appears on the face of the bill; the indorser made no defense; his belated attack is not direct by bill of review or equivalent motion to vacate for error on the face of the record, and if successful will not reform the decree but will result only in making available a defense of limitation which appears now to have arisen against a new suit on the indorsement. We take what is said by the Supreme Court of Florida as to the nullity of the decree before it and its assailability on collateral attack to refer to the fact that the bill on its face affirmatively showed that the indorser was not liable. Since the case before them was one of direct attack, any reference to collateral attack is plainly obiter dictum. We cannot accept the decision as determining the case before us.

Judgment affirmed.