GRANT VAN SANT, as Trustee, v. DUVAL CATTLE COMPANY, a corporation, J. G. BOYD, W. M. BOSTWICK, JR., J. F. McCARTHY, JAMES ROOSEVELT STOCKTON and FLORENCE STOCKTON ROGERS, as Executor and Executrix of the Estate of Telfair Stockton, deceased; NELL L. COWAN BOSTWICK and W. M. BOSTWICK, JR., her husband; ANNIE K. BOYD, SAUCER NAVAL STORES COMPANY, a corporation, and LACKAWANNA NAVAL STORES COMPANY, a corporation.

156 So. 369.
Opinion Filed August 10, 1934.
Petition for Rehearing Denied Sept. 13, 1934.

*Marks, Marks, Holt, Gray & Yates,* for Appellant;

*Knight, Adair, Cooper & Osborne, H. P. Adair, P. L. Gaskins, J. Henson Markham, W. M. Bostwick, Jr.,* and *Joseph M. Glickstein,* for Appellees.

PER CURIAM.—The complainant below, Grant Van Sant, as substitute Trustee, brought his bill of complaint in the Circuit Court for Duval County, Florida, to enforce the lien of and foreclose a certain trust deed covering described

lands situate in said county, in which mortgage or trust deed appeared as defendant below, Duval Cattle Company, as the sole signer and mortgagor.

It was alleged that the trust deed was given to secure certain notes or bonds made and signed by the defendant Duval Cattle Company, and also signed by certain other defendants to the suit, who are appellees here; but neither of the defendants, except Duval Cattle Company, is alleged to have signed or executed the trust deed which was in this proceeding sought to be foreclosed.

In his final decree the Chancellor refused to decree that the defendants, other than Duval Cattle Company, were personally liable on said bonds in this suit. In a supplemental order entered subsequent to the final decree the court entered the following judgment denying complainant's motion for a deficiency decree against the defendants in the case other than the Duval Cattle Company:

"The court being of the opinion that the court is without jurisdiction to hear, consider or determine the liability, if any, of the defendants, W. M. Bostwick, Telfair Stockton, James T. McCarthy, H. B. Minium and J. C. Boyd, or either of them, upon the bonds described in said bill of complaint, or to enter any money or deficiency decree against said defendants, or either of them, in this foreclosure suit, the complainant's application for the entry of such decree against said defendants is hereby denied, without prejudice to the right of the complainant to proceed to enforce such liability, if any, in such other proceeding as the complainant may be advised.

"DONE AND ORDERED in Chambers at Jacksonville, Florida, this April 22, A. D. 1932.

"DeWITT T. GRAY,
"*Judge.*"

The point presented on this appeal is whether or not, in the absence of a statutory provision therefor or circumstances of equitable jurisdiction, a deficiency decree in a mortgage foreclosure suit can be taken and entered against any party other than the mortgagor.

In 1919 Chapter 7839, Laws of Florida, was enacted to permit a deficiency decree to be taken against all persons liable for a mortgage debt, whether primarily or secondarily, and this Act was in force when the bill of complaint here in question was filed. However, Chapter 7829, *supra,* was repealed by the Legislature before the decree in this case was rendered.

In passing upon the effect of the repeal of Chapter 7839, Acts of 1919, by Chapter 12325, Acts of 1927, the Circuit Court of Appeals of the Fifth Circuit in the case of Parker Bros. v. Fagan, 68 Fed. (2nd) 616, decided January 31, 1934, said:

"In 1919 (Laws of Fla. 1919, c. 7839) an Act was passed to permit a deficiency decree against all persons liable for the mortgage debt, whether primarily or secondarily, and this Act was of force when the bill here in question was filed, but it was repealed before the decree was rendered. We hold that the repeal was not void, as is asserted, because impairing the obligation of the notes and mortgage, here involved, for it affected only a remedy upon them and a sufficient remedy remained. The remedy upon the notes at law cannot be said to be inadequate or inferior to that in equity. Reves v. Younghusband, 101 Fla. 165, 133 So. 618; Tennessee, *ex rel.* Bloomstein v. Sneed, 96 U. S. 69, 24 L. Ed. 610; South Carolina, *ex rel.* Trenholm v. Gaillard, 101 U. S. 433, 25 L. Ed. 937. The filing by the bank of its bill before the Act was repealed fixed no indefeasible right, so that the decree rendered after repeal can obtain no support from this statute. The case stands as one where

neither rule of court nor statute authorizes a deficiency decree based on the contract of indorsement. There was irregularity and, if timely objection had been taken, there was error in adjudging in an equitable mortgage foreclosure the liability on a contract of indorsement. Delbeck Inv. Co. v. Raff, 102 Fla. 943, 136 So. 683; Younghusband v. Fort Pierce Bank & Trust Co., 100 Fla. 1088, 130 So. 725."

A majority of the Court are of the opinion that the decision of the Circuit Court of Appeals in the above cited case is sound and that it is persuasive in the case at bar. Therefore, the decree appealed from is affirmed on the authority of the holding in Parker Bros. v. Fagan, *supra*, in the particulars mentioned.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., dissents.

ELLIS, J. (dissenting).—I do not agree to the postulate that the Act of the Legislature of 1927, Chapter 12325, did not affect the validity of the contract as "nothing is more material to the obligation of a contract than the means of its enforcement. The ideas of validity and remedy are inseparable." Language quoted by the Supreme Court of the United States in Tennessee, *ex rel.* Bloomstein v. Sneed, 96 U. S. 69, 24 L. Ed. 610. I do not wish to file the opinion prepared by me in this case as a dissenting opinion because the views of the majority of the Court as expressed above do not accord with the views expressed by me in the opinion prepared by me and there is no probability of an agreement.