R. R. Prevatt, *et ux.*, v. The Federal Land Bank of Columbia.

176 So. 494.
Division A.
Opinion Filed October 20, 1937.

*Knight & Knight,* for Appellants;
*Layton & Gray,* for Appellee.

Buford, J.—The appeal brings for review order denying motion to dismiss bill of complaint.

The appellant presents four questions for our consideration as follows:

"1. Where it appears from the bill of complaint that the original mortgagors have parted with their interest in the mortgaged premises, can the mortgage be foreclosed against them as sole defendants?"

"2. Where a mortgage is executed to secure a note executed by the mortgagors and another as co-makers, is the co-maker of the note a necessary party defendant to the foreclosure?"

"3. Where the mortgagors 'and/or their successors in interest' default in the performance of a mortgage securing a note executed by the mortgagors and another as co-makers, can the maturity of the debt be accelerated and the mortgage foreclosed in a suit against the mortgagors only?"

"4. Are the allegations of the bill of complaint repugnant where it, and the mortgage made a part thereof, described the indebtedness secured as the note of the defendants only, and the copy of the note made a part of the bill of complaint is the note of defendants and another as co-makers?"

There is no foundation for the first question presented because the bill of complaint does not show that the original mortgagors have parted with their interest in the mortgaged premises. If it should be a fact that they have, then the proper method of attack is by plea of non-joinder of parties or motion for compulsory amendment, such motion showing how and why the amendment should be made.

In response to the second question, we would first call attention to the fact that under the showing made by the record as amended by stipulation, the note was not executed by a co-maker with the Prevatts, but was guaranteed by Lake Butler National Farm Loan Association and, there-

fore, the question is whether or not a guarantor is a necessary and indispensable party to a suit to foreclose a mortgage. This question has been long settled in this jurisdiction adversely to the contention of the appellant. See Younghusband v. Fort Pierce Bank & Trust Co., 100 Fla. 1088, 130 Sou. 725; Delbeck Investment Co. v. Raff, 102 Fla. 942, 136 Sou. 683.

Whether the party not made a defendant in this suit was a co-maker or an endorser can make but little difference, unless the record shows that such co-maker or endorser had some interest in the property mortgaged. This is true because a deficiency decree cannot be entered either against a co-maker or an endorser who is not a party to the mortgage. The statute authorizes a deficiency decree to be entered only against the mortgagor. Therefore, it follows that where a co-maker or endorser has no interest in the mortgaged property he is not a necessary party to the suit to foreclose. See Vansant v. Duval Cattle Co., 116 Fla. 159, 156 Sou. 369.

We have carefully considered the 3rd and 4th questions presented and the brief of the appellant in connection therewith and find no ground for reversal. There being no reversible error disclosed by the record, the order appealed from should be, and is now affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.